Sutherlin v. The State.

---

## SUTHERLIN v. THE STATE.

[No. 18,497.    Filed March 30, 1898.]

COURTS.—*Continuance Beyond Term.*—Where a criminal trial is in progress on the last day of a term of court, the judge has the power to continue the term until the trial is completed, and to fix

a day when the cause is to be renewed; and the fact that the day to which the cause was adjourned was a day when the circuit court of another county in the same judicial circuit would or could be in session, would not render such continuance invalid.  *pp. 155-157.*

RAPE.—*Evidence.*—In a prosecution for rape the evidence of the prosecuting witness was that she was 17 years of age; that she was attacked at a lonely place in the highway, and after release by her assailant she sought protection in the nearest residence, and complained to her mother immediately upon returning home; that she at once made affidavit for the arrest of defendant and his brother. Her evidence was in part corroborated by her parents, the physician, the officers, and by the admissions of appellant's brother. *Held,* that the evidence was sufficient to support a conviction. *p. 158.*

From the Starke Circuit Court.    *Affirmed.*

*Burson & Burson and A. L. Courtwright,* for appellant.

*W. A. Ketcham,* Attorney-General, *Frank J. Vurpillat, Merrill Moores, A. E. Dickey and W. M. Aydelotte,* for State.

HOWARD, C. J.—The appellant and his brother, Bert Sutherlin, were charged by affidavit and information with having committed rape upon the prosecuting witness, Mary Freet.    The appellant was found guilty as charged, and the jury further found that he was, at the date of the verdict, over sixteen and less than thirty years of age.    Thereupon he was fined and disfranchised, and was sentenced to the reformatory "for a term not less than one year and not more than twenty-one years."

The case was set down for trial on the last day of the October term, 1897, of the Starke Circuit Court, and was upon that day submitted to the jury.    A part of the evidence having been heard, the following order of court was made:   "This trial having been begun and [being] now in progress, and the expiration of the time fixed by law for the continuance of the present term of this court having expired, and

the trial of this cause not being finished, the present term of this court be and the same is hereby prolonged and extended to transact and enforce all matters which shall be necessary for the determination of this cause; and the present term of this court be and the same is hereby not deemed to be ended until this cause shall be fully disposed of by the court; and the further hearing of this cause is now fixed and set down for next Thursday the 11th day of November, 1897." To the order of continuance so made the appellant at the time excepted.

The able and accomplished counsel for appellant thus briefly and clearly states the question for decision under the ruling complained of: "This court judicially knows that the term of the Starke Circuit Court ended by limitation on Saturday the 6th day of November, 1897, and that the legal term of the Pulaski Circuit Court commenced on Monday the 8th day of November, 1897; and the court also judicially knows that the counties of Starke and Pulaski constitute one judicial circuit, and that the several terms of the courts in these counties are presided over by the same judge. The trial court, in the case at bar, undertook to proceed under the provisions of section 1442, Burns' R. S. 1894 (1379, R. S. 1881), which provides that should a term end during the trial of a cause, the court may continue the term and hear the cause until finished. It was held in *Wayne Pike Co.* v. *Hammons*, 129 Ind. 368, that the adjournment of the trial of a cause which is in progress the last day of the term to a subsequent day when the trial is again resumed is not an adjourned term but a continuation of the existing term. And but for the fact that the Pulaski Circuit Court was regularly in session, or could have been in session, the action of the court, in continuing the trial over and beyond the term, could not

be questioned, as has been decided in *Walker* v. *State*, 102 Ind. 502; but the day to which the cause was adjourned was a day when the circuit court of Pulaski county was, or could have been, legally in session, and our contention is, that as this was an attempt to continue the term of the Starke Circuit Court to a time when, under the law, it could not legally be in session, the court erred."

The clear statement thus made by counsel is, as we think, a sufficient refutation of his ingenious contention. The facts of the case, taken in connection with the statutes and decisions cited, show that the trial took place during a legally continued term of the Starke Circuit Court. Hence, even if, in so continuing and presiding at the Starke term of court, the judge should have neglected his duties in relation to the Pulaski Circuit Court, it would not follow that the trial had at the legally extended Starke term of court was in any respect erroneous. Litigants in the Pulaski court might possibly have cause to complain, but we fail to see how this could in any manner affect the rights of the appellant. His cause was not neglected, but was duly prosecuted in accordance with the express terms of the statute. The question raised by counsel has not been directly raised heretofore in this State, but there can be no doubt that the court acted in conformity with the provisions of the statute. *Wayne Pike Co.* v. *Hammons*, *supra; Dorsey Machine Co.* v. *McCaffrey*, 139 Ind. 545.

But we are unable to see how there was any wrong done even in relation to the Pulaski court. If the judge of the circuit, by reason of his duties in Starke county, was unable to preside at the opening of the Pulaski court, the statutes provided the means of supplying his place. By section 1447, Burns' R. S. 1894 (1383a, Horner's R. S. 1897), it is provided that,

"If, from any cause, any judge of a circuit court shall be unable to attend and preside at any term of said court, or during any day or part of such term, such judge, or in his absence, or when he shall be unable to make such appointment, the clerk, auditor, and sheriff of the proper county, or a majority of them, may appoint, in writing, any other judge of a court of record of this State, or any attorney thereof eligible to the office of such a judge, to preside at such term, or during any day or part of said term." Other statutes providing for the appointment of special judges are section 1444 Burns' R. S. 1894 (1381 R. S. 1881); section 1445, Burns' R. S. 1894 (1382, R. S. 1881); section 1446, Burns' R. S. 1894 (1383, R. S. 1881); and section 1448, Burns' R. S. 1894 (1384, R. S. 1881).

It is also contended that the court erred in refusing to sustain appellant's motion for a new trial, chiefly for the reason, as said, that the evidence is not sufficient to support the verdict. The evidence of the prosecuting witness certainly supports the verdict, and is corroborated, as we think, by the admitted circumstances and history of the case. She was but seventeen years of age and on her way home from a visit when she was attacked in a lonely place on the road. After her release by her assailant, she sought protection at the nearest house and complained to her mother as soon as she reached home. She went at once with her parents to the county seat where she was examined by the physicians and made affidavit for the arrest of appellant and his brother. Her evidence is further corroborated by admissions made in court as to her parents' testimony, also by the evidence of the physician, and the officers and even by that of appellant's brother. The constable who assisted in making the arrest testified that Bert Sutherlin, who was married, then said to appellant: "Fred, you take the

blame in this matter.    You are young and have money and a guardian, and can stand it better than I can." We do not find any error in the record.    Judgment affirmed.