*R. A. Stewart,* (*H. J. Hunt* with him,) for the defendant.

====

CHARLES N. NELSON *vs.* OLD COLONY STREET RAILWAY COMPANY.

Norfolk.   January 11, 1911. — March 1, 1911.

Present: KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Conduct of trial.   *Evidence,* Relevancy and materiality, Of experiments.   *Negligence,* Street railway.

Where at a trial of an action for personal injuries, conditions of temperature, cloudiness and snow fall at the place of the accident are material issues, and evidence is offered of observations thereof taken at a distance from the accident, it is for the presiding judge to determine whether the observations were so near in time and place and the climatic conditions were sufficiently similar to make the observations admissible as evidence, and the admission of observations taken five miles from the place of the accident and at a place six hundred feet higher is not an improper exercise of discretion.

At the trial of an action against a street railway company for personal injuries received in a collision between a car of the defendant and a wagon of the plaintiff at 6.30 o'clock in the evening of a January 26, there was evidence that "there was a little moonlight, it was not dark and it was not a clear light," and the presiding judge admitted testimony of a civil engineer, called by the defendant, that between 7.30 and 8 o'clock of the same evening, he had stood in the vestibule of a car approaching the place of the collision from the same direction as had the car which ran into the plaintiff, while a man was stationed at the point where the collision had occurred; that "as he came down hill he first caught sight of the man at a point which, on measuring, he found to be one hundred and thirty feet from the point where the man was standing. The car upon which he was riding had both an incandescent and an oil headlight, which assisted him in seeing. At the time this experiment was made he thought the moon was obscured by the clouds." There was evidence that the car which struck the plaintiff was equipped with an incandescent electric headlight. *Held,* that the admission of the testimony was not clearly erroneous.

At the trial of an action against a street railway company for personal injuries received by the plaintiff by reason of a collision between a car of the defendant and a wagon of the plaintiff, there was evidence tending to show that, at the

time of the collision, the plaintiff was going up a steep hill in the space between · the street car rails because the rest of the street was too icy and slippery for travel, and that the motorman of the car had been running his car through the street in question for several years. · The plaintiff offered to prove that, owing to the icy condition of the street, teams habitually travelled in the space between the street car rails on the hill in question. The evidence was excluded. *Held,* that the evidence should have been admitted, since it tended to show a continuous condition, the knowledge of which by the motorman had a direct bearing upon the question of his negligence.

Tort for personal injuries to the plaintiff and damage to his horse and wagon alleged to have been caused by a collision with a street car of the defendant on January 26, 1909, as described in the opinion. Writ dated July 15, 1909.

In the Superior Court the case was tried before *Morton,* J.

The " observations " as to temperature, cloudiness and snow fall, to the admission of which the plaintiff excepted, were taken at Blue Hill observatory, five miles from the scene of the accident and six hundred feet higher.

The evidence of " experiments," referred to in the opinion, was in the testimony of one Tupper, a civil engineer called by the defendant. It appeared that the accident had occurred at about 6.30 P. M. Tupper testified that between 7.30 and 8 o'clock of the same evening, he had stood in the vestibule of a car coming from the same direction as had the car which ran into the plaintiff, while a man was stationed at the point where the collision had occurred; that " as he came down hill he first caught sight of the man at a point which, on measuring, he found to be one hundred and thirty feet from the point where the man was standing. The car upon which he was riding had both an incandescent and an oil headlight, which assisted him in seeing. At the time this experiment was made he thought the moon was obscured by the clouds." There was evidence that the car which struck the plaintiff was equipped with an incandescent electric headlight.

Other facts are stated in the opinion. The jury found for the defendant; and the plaintiff alleged exceptions.

*W. A. Pew, Jr.,* for the plaintiff.

*Asa P. French,* for the defendant.

Braley, J. The plaintiff's team and the defendant's car, while using the highway in the night time, travelling in opposite directions, approached each other as the team was going up

hill and the car was coming down, when a collision followed causing personal injuries to the plaintiff and damaging his horse and wagon.   A verdict having been returned for the defendant, the questions raised by the plaintiff's exceptions relate only to the admission and exclusion of testimony.

The exceptions state that the plaintiff testified, that " there was a little moonlight, it was not dark and it was not a clear light," and that the road in the vicinity was very icy, but between the tracks there was no snow or ice all the way up the hill as far as he could see.   It was consequently competent for the defendant to introduce evidence as to the temperature, cloudiness, and the fall of snow which had taken place at the time of the accident.   If the observations of the witness, whose accuracy was not disputed, were taken at a point some five miles distant, it was for the presiding judge to decide whether they were so near in time and place, and the climatic conditions were sufficiently similar, as to make his evidence admissible.   It cannot be said as matter of law that they were too remote.   *Ducharme* v. *Holyoke Street Railway,* 203 Mass. 384, 393.

Nor does an exception lie to the admission of certain experiments made by the defendant's surveyor.   It is not shown that the judge's decision was clearly erroneous.   *Baker* v. *Harrington,* 196 Mass. 339.

But a question of more difficulty arises as to the exclusion of evidence offered by the plaintiff to show that owing to the icy condition of the street teams habitually passed over the space between the rails from which the ice and snow had been removed.   The jury would have been warranted in finding that the motorman in charge had been running a car through this street for several years, and knew or in the exercise of due diligence should have known, that by reason of accumulated snow and ice on the roadway outside, travel was largely diverted to that portion within the defendant's location, which was the only convenient and safe place where the plaintiff could pass.   If in running the car the defendant's motorman was bound to exercise due care not to injure travellers whether they were few or many, yet the standard of requirement depended upon the situation.   The diligence to be exercised where little travel is to be anticipated, does not call for the precautions

as to speed and readiness of control, or the diligence and attention usually demanded, where from experience or observation the motorman knows that because of snow and ice on other portions of the roadway travel has been, or is likely to be transferred to the portion occupied by the track.   It is due care under existing conditions which he must exercise, but the conditions are an important, and may be a controlling element as to whether he was careless, or reasonably careful.   *Fletcher* v. *Boston & Maine Railroad,* 1 Allen, 9, 15.   *Hilton* v. *Boston,* 171 Mass. 478. *Tashjian* v. *Worcester Consolidated Street Railway,* 177 Mass. 75. *Chaput* v. *Haverhill, Georgetown & Danvers Street Railway,* 194 Mass. 218, 220.   *Chadbourne* v. *Springfield Street Railway,* 199 Mass. 574.

Nor was the testimony objectionable as the defendant contends, because it tended to prove a custom.   It was not offered for this purpose, but to show a continuous condition, the knowledge of which by the defendant's servant had a direct bearing upon the question of its negligence.   *Pitcher* v. *Old Colony Street Railway,* 196 Mass. 69.   *Lyons* v. *Boston Elevated Railway,* 204 Mass. 227.

The evidence having been relevant, its exclusion makes it necessary to sustain the exceptions.

*So ordered.*