## LAKE ERIE AND WESTERN RAILROAD COMPANY v. CHRISS.

[No. 8,036. Filed April 29, 1914. Rehearing denied July 2, 1914. Transfer denied October 30, 1914.]

1. PARENT AND CHILD.—*Death of Child.—Damages.*—The measure of damages in a parent's action to recover for the death of a child is the pecuniary loss of the parent, occasioned by the death, measured by the value of the child's services during its minority, or such period as under the circumstances the parent might reasonably expect to receive them, less the reasonable cost of supporting and educating the child had it lived. p. 147.

2. PARENT AND CHILD.—*Death of Child.—Action for Damages.—Evidence.—Sufficiency.—Failure to Show Cost of Support.*—In a parent's action for the wrongful death of a child, where the facts as to the age, sex, education, health, disposition and general characteristics of the child are proven, and the situation and condition in life of the parents are shown, there is evidence from which a jury, aided by knowledge and experience in the affairs of life, may assess substantial pecuniary damages under proper instructions by the court: hence a verdict for $1,400 for the death of a twelve-year-old girl can not be set aside as excessive or as not supported by the evidence, where the evidence showed that she was a bright, healthy and obedient child, the oldest of a family of five children, and that she rendered much assistance before and after school hours and during vacation in the store conducted by the parents, and also in caring for the other children and in the performance of household duties, but did not show the cost of her maintenance. p. 147.

From Superior Court of Marion County (83,234) ; *Charles J. Orbison*, Judge.

Action by Ronald R. Chriss against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

VOL. 57—10

*John B. Cockrum* and *Miller, Shirley, Miller & Thompson,* for appellant.

*Alexander C. Ayres* and *Frank C. Ayres,* for appellee.

FELT, J.—Suit by appellee for damages for loss of services of his minor child killed by one of appellant's trains. The complaint was in two paragraphs to each of which appellant filed answer of general denial. A trial by jury resulted in a verdict for appellee for $1,400.

From a judgment on the verdict appellant appeals and in its brief says: "There is but one question involved in this case. This question is raised in three ways, first, by the specification in the motion for a new trial that the assessment of the amount of damages is excessive; second, by the specification in the motion for a new trial that the court erred in refusing to give instruction No. 8 of the series of instructions requested by the defendant; and third, by the action of the court in overruling defendant's motion to modify the judgment." The assignment of errors and the briefs duly present the question.

It appears without dispute that on October 20, 1910, Delphia Chriss, a daughter of appellee, almost twelve years of age, while on her way to school, caught her feet in a cattle guard of appellant's road, near the limits of the city of Elwood, and before she could extricate her feet therefrom, was struck by one of appellant's trains and so injured that she soon afterward died from the injuries so received. The evidence also shows that she was a bright, healthy and obedient child; that she made good grades in school; that her father and mother were living and she was the oldest of a family of five children; that her parents kept a grocery and produce store in which they both worked; that the decedent helped in the store mornings, evenings and at noon a part of the time, and during her vacation; that she helped in caring for the younger children and in other household duties and was generally industrious and helpful in and about the home and store.

The question of the sufficiency of the evidence to warrant a judgment for more than nominal damages is ably presented by counsel for appellant. The particular phase of the question relied upon is shown in appellant's briefs by the following language: "In this case the plaintiff probably made sufficient proof as to the value of the child's services, but there is not a syllable of testimony in the case from beginning to end as to what it would have cost to maintain the child from the date of her death until she would have reached her majority, had she lived."

The only evidence from which the jury could have arrived at the amount of damages awarded in this case is that relating to the age, health, education, disposition and labor of the deceased child, and the family, business and situation in life of her parents. Appellant and appellee agree that the damages are limited to the pecuniary loss of the parent, occasioned by the death of the child, measured by the value of the child's services during its minority, or such period as under the circumstances the parent might reasonably expect to receive them, less the reasonable cost of supporting and educating the child had it lived. But appellant contends that the general facts aforesaid relating to the child, her parents and family, afford no evidence from which the jury may rightly determine the cost of maintenance of the child; that in the absence of specific proof of the cost thereof, there is a total absence of evidence authorizing the assessment of substantial damages.

The question is an interesting one and there is some conflict of authority on the proposition. However, the great weight of authority is against the contention of appellant, and this court has already indicated its views to be in harmony with the prevailing weight of authority. The rule so established is that where the facts as to the age, sex, education, health, disposition and general characteristics of the child are proven, and the situation and

condition in life of the parents, or next of kin entitled to damages, if any, are shown there is evidence from which the jury, aided by knowledge and experience in the affairs of life, may assess substantial pecuniary damages under proper instructions from the court as to the law relating thereto. It is proper for either party to offer any competent evidence as to the value of the services or cost of maintenance of the child, either to enhance or diminish the damages, but the absence of such specific proof, where there is evidence of the character above indicated, does not show a failure of evidence to support substantial damages, in reasonable amount, based upon the facts and circumstances of the particular case. *New York, etc., R. Co.* v. *Mushrush* (1894), 11 Ind. App. 192, 195, 37 N. E. 954, 38 N. E. 871; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 35, 59 N. E. 47; *American Motor Car Co.* v. *Robbins* (1914), 181 Ind. 417, 103 N. E. 641; *Citizens St. R. Co.* v. *Lowe* (1894), 12 Ind. App. 47, 57, 39 N. E. 165; *Southern Ind. R. Co.* v. *Moore* (1904), 34 Ind. App. 154, 157, 72 N. E. 479; *Ohio, etc., R. Co.* v. *Judy* (1889), 120 Ind. 397, 401, 22 N. E. 252; *Ihl* v. *Forty-Second St., etc., R. Co.* (1872), 47 N. Y. 317, 320, 7 Am. Rep. 450; *Duckworth* v. *Johnson* (1859), 4 H. & N. (Ex.) 652; *Hoon* v. *Beaver Valley Trac. Co.* (1903), 204 Pa. St. 369, 54 Atl. 270; *City of Chicago* v. *Hesing* (1876), 83 Ill. 204, 206, 25 Am. Rep. 378; *Schnable* v. *Providence Public Market* (1902), 24 R. I. 477, 478, 53 Atl. 634; *Russell* v. *Windsor Steamboat Co.* (1900), 126 N. C. 961, 969, 36 S. E. 191; *Wolfe* v. *Great Northern R. Co.* (1890), 26 L. Rep. (Ir.) 548; *Little Rock, etc., R. Co.* v. *Barker* (1882), 39 Ark. 491, 504; *Atchison, etc., R. Co.* v. *Fajardo* (1906), 74 Kan. 314, 86 Pac. 301, 6 L. R. A. (N. S.) 681, 684; *Union Pac. R. Co.* v. *Dunden* (1887), 37 Kan. 1, 14 Pac. 501; 4 Sutherland, Damages (3d ed.) §§1273, 1274; Tiffany, Death by Wrongful Act (2d ed.) §§164, 165. In the *City of Elwood* v. *Addison, supra,* this court said: "The complaint demands damages for the loss of future services

of the child during his minority, and the jury may estimate this amount from the death of the child, his relationship to appellee, his age, physical and mental condition and ability, and the condition of appellee's family with respect to and use for the child. The measure of damages in such a case is the value of the child's services from the time of the death until he would have attained his majority taken in connection with his prospects in life, less the cost of his support and maintenance during that period, including such as board, clothing, schooling and medical attention." In *New York, etc., R. Co. v. Mushrush, supra,* this court said: "The verdict of the jury allowed $1,000 damages. It is insisted that this is excessive because there was no proof touching the value, present and prospective, of the boy's services. It was shown by the evidence that the deceased was nearly twelve years old, a healthy boy, ordinarily bright and intelligent, who had gone to school, learned to read, write and cipher, was a good boy to work and helped do chores about the house, run errands and feed the stock. These facts, under the authorities, furnished sufficient data to enable the jury, by the aid of the ordinary, every day knowledge presumably common to every man, to assess not only nominal but reasonable, substantial damages for the loss of his services until twenty-one."

*Ihl* v. *Forty-Second St., etc., R. Co., supra,* is a leading case on the subject. The suit was for damages for the death of a child three years and two months old. The jury awarded damages in the sum of $1,800. The question was raised that there was no evidence of any pecuniary loss resulting to the next of kin, and the New York Court of Appeals in passing on the question on page 320 said: "The absence of proof of special pecuniary damage to the next of kin resulting from the death of the child would not have justified the court in nonsuiting the plaintiff, or in directing the jury to find only nominal damages. It was within the province of the jury, who had before them the parents, their

position in life, the occupation of the father, and the age and sex of the child, to form an estimate of the damages with reference to the pecuniary injury, present or prospective, resulting to the next of kin. Except in very rare instances, it would be impracticable to furnish direct evidence of any specific loss occasioned by the death of a child of such tender years; and to hold that, without such proof, the plaintiff could not recover, would, in effect, render the statute nugatory in most cases of this description. It cannot be said, as a matter of law that there is no pecuniary damage, in such a case, or that the expense of maintaining and educating the child would necessarily exceed any pecuniary advantage which the parents could have derived from his services had he lived. These calculations are for the jury, and any evidence on the subject, beyond the age and sex of the child, the circumstances and conditions in life of the parents, or other facts existing at the time of the death or trial, would necessarily be speculative and hypothetical, and would not aid the jury in arriving at a conclusion.''

The English Court of Exchequer in *Duckworth* v. *Johnson, supra,* considered a case brought under Lord Campbell's Act (9 and 10 Vict. C. 93), involving damages for the death of a boy fourteen years of age. It was shown that he had previously been employed for a time at 4s. per week but at the time of his death he was not employed or earning any wages. It was contended that no such pecuniary loss had resulted to the plaintiff by the loss of his son as to entitle him to maintain the action. The court by Justice Pollock, C. B., said on page 656: ''The jury found that plaintiff sustained damages to the extent of £20. Can we set aside that verdict and enter it for the defendant? I think not. There was evidence, which very likely satisfied the jury as to the matter of profit and loss, quite apart from any consideration of parental affection. It is true that no distinct evidence was given of the value of the boy's services, and the cost of boarding and clothing him; but as to that the jury were

better able to judge than we are. * * * It having been decided that a reasonable prospect of pecuniary benefit may be taken into consideration, it is impossible for us to say that the jury were not warranted in finding the verdict which they have done." Justice Martin, B., in the same case, said: "I am of the same opinion. * * * It was argued that it ought to have been proved that the cost of boarding and clothing the boy did not exceed 4s. a week; but that was a question for the jury to determine."

The trial court did not err in the rulings complained of. Judgment affirmed.

NOTE.—Reported in 105 N. E. 62. As to measure of damages in actions for causing the death of a human being, see 12 Am. St. 375. As to the measure of damages recoverable by a parent for the death of a minor child by wrongful act, see Ann. Cas. 1912 C 58. See, also, under (1) 13 Cyc. 369; (2) 13 Cyc. 375.