JOHN J. McCARTHY *vs.* JAMES J. CURRY.

Suffolk.   November 15, 1921. — March 1, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Evidence,* Of experiment, Competency.   *Attorney at Law.   Practice, Civil,* Discretionary ruling upon evidence.

At the trial of an action of tort for personal injuries received by reason of alleged' negligence of the defendant in starting the engine of his motor car while the· plaintiff was making valve and tappet adjustments thereon, the plaintiff's· evidence tended to show that the plaintiff was working while the engine was: stopped and that, while he was so working, the defendant put his foot on "the· self-starter button," starting the engine and injuring the plaintiff, and that. the repairs that the plaintiff was attempting to make could not be made on. the defendant's car with the engine running.   The evidence of the defendant· tended to show that the engine was running all the time that the plaintiff was· working and that the defendant was standing outside the car with one foot on· the running board.   On the second day of the trial, subject to exceptions by· the plaintiff, the defendant was permitted to testify on redirect examination by· his attorney that the night before he went with his attorney to the garage and took out the car and examined it; that the repairs that the plaintiff was attempt-· ing to make when injured could be made while the engine was running, that,. while the engine was running, he had put his hand down by the gear without. touching it in any way, and that he had seen his attorney do so; and that it was possible "to feel of the springs on the valve stems, the two valve stems. nearest in front of where this gear is, by putting" his hand in while the engine· was running.   *Held,* that

(1) The evidence was competent for the purpose of assisting the jury in. determining the credibility of the plaintiff's witnesses;

(2) It could not be said that the judge's discretion had been wrongly exercised in admitting the evidence;

(3) The fact that the defendant's attorney did not testify and thus submit: himself to cross-examination, but, instead, introduced evidence as to his ex-periment through the testimony of an eyewitness, the defendant, did not render that evidence incompetent.

TORT for personal injuries alleged to have been caused by negligence of the defendant in operating his motor car while the plaintiff was in the act of repairing the engine.   Writ dated August 6, 1919.

In the Superior Court, the action was tried before *Sanderson,* J. Material evidence and exceptions saved by the plaintiff are de-

scribed in the opinion. The jury found for the defendant; and the plaintiff alleged exceptions.

*G. H. Shields*, for the plaintiff, submitted a brief.

*P. F. Drew*, for the defendant.

CROSBY, J.   This is an action in which the plaintiff seeks to recover damages for personal injuries alleged to have been received by reason of the negligence of the defendant.   The jury returned a verdict for the defendant.

The plaintiff, an expert automobile mechanic, on June 17, 1919, conducted a place of business for the repair of automobiles.   He testified that on that day the defendant was the owner of a "Murray car," which he brought to the plaintiff's shop and complained of a "knock" in the engine; he asked the plaintiff to look the motor over and make such repairs and adjustments as were necessary.   The plaintiff further testified that in order to make the adjustments it was necessary for him to "bend his body, insert his left hand over, around, under and into the motor near a magneto gear or flexible coupling;" that after he had made several adjustments and repairs on the valves and tappets, there still remained a slight knocking or clicking sound; that believing one of the tappet springs might have been broken or lost its tension, he was feeling on the spring with his left hand, the motor then being stopped; that the defendant put his foot on "the self-starter button," which immediately started the engine and caused the magneto gear to revolve instantly, at the rate of seven hundred revolutions a minute, and then increased to eighteen hundred revolutions; that his left hand was caught in the gear, injuring it and his wrist; that he had done work of the same nature several times before the accident on this and other Murray cars; that it was impossible to make such adjustments with the motor running.

Two other witnesses, employed by the plaintiff, were produced by him and testified that they had made valve and tappet adjustments on Murray cars and on this car of the defendant while the engine was stopped; that it was impossible to make such adjustments with the motor running as the hand could not be inserted into the motor and past the magneto gear or flexible coupling; and that it was impossible to feel of or adjust the springs by putting one's hand around the corner of the cylinder block with the engine running.

The defendant testified that the plaintiff worked on the car fifteen to twenty minutes before the accident; that at the time the plaintiff put his hand into the motor to feel the spring the engine was running; that "while the plaintiff was feeling of this spring the accident occurred;" that he (the defendant) "was not in the seat of the automobile but was standing with one foot on the sidewalk and the other on the running board of the car."

The record shows that on the second day of the trial the defendant on redirect examination testified that the night before he went with his attorney to his garage where his car was and took it out, examined it and looked over the gears. He also testified that with the engine running it was possible to put his hand down by the gear without touching it in any way. He further testified as follows: Q. "Did you do that last night?" A. "Yes." —Q. "Did you see me [the defendant's attorney] do it too?" A. "Yes."—Q. "Whether or not it is possible to feel of the springs on the valve stems, the two valve stems nearest in front of where this gear is, by putting your hand round the corner of the—" A. "Yes."—Q. "Did you do that?" A. "Yes."—Q. "With the engine running?" A. "Yes." The plaintiff excepted to the admission of the foregoing evidence.

It often has been said by this court that "the question whether evidence of experiments shall be admitted must be largely left to the discretion of the trial judge, and that discretion will not be interfered with unless in its exercise he clearly appears to be wrong." *Dow* v. *Bulfinch*, 192 Mass. 281, 285. The witnesses called by the plaintiff having testified that it was impossible to place one's hand past the magneto gear while the engine was running, evidence of the experiments in the discretion of the court was admissible to show that it was possible to insert one's hand into the motor while it was running, and to feel the springs without coming in contact with the gear. The evidence was competent for the purpose of assisting the jury in determining the credibility of the witnesses referred to above. The experiments having been made on the same car the plaintiff was working on when hurt, and no contention having been made by him at the trial that the motor was not in the same condition it was in at the time of the accident, we cannot say that the discretion of the trial judge was exercised wrongly. *Commonwealth* v. *Goodman*, 97 Mass. 117.

*Commonwealth* v. *Tucker*, 189 Mass. 457, 477. *Baker* v. *Harring-ton*, 196 Mass. 339. *Commonwealth* v. *Buxton*, 205 Mass. 49. The circumstance that the defendant's attorney did not testify also as to the test made did not render the evidence incompetent.*

*Exceptions overruled.*

---

* One objection made by the plaintiff's attorney to the evidence above described was as follows: "In the first place, my brother is not a mechanic, he is a lawyer, and I don't think he should come in here and put himself in the position where he can't be cross-examined, by asking somebody else if somebody saw him do something. He is not subject to cross-examination."