TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* McDERMOTT

[No. 11,872. Filed December 17, 1924. Rehearing denied April 2, 1925.]

1. PARENT AND CHILD.—*In action by father for loss of services of his minor son resulting from negligence of defendant, testimony as to ages of his ten children not error in view of instruction.*—In an action by the father of a minor son for · loss of the boy's services resulting from the negligence of the

Terre Haute, etc., Traction Co. *v.* McDermott—82 Ind. App. 614.

defendant, testimony by the father as to the ages of his ten children was not improper when the court instructed the jury that such evidence should be considered only in determining the value of his son's services in taking care of sick members of the family and other duties of that character.   p. 616.

2.   DAMAGES.—*Verdict for $3,800 for father for loss of his boy's leg by negligent injury not excessive.*—Verdict for $3,800 in favor of father for loss of services of his minor son who lost a leg by reason of defendant's negligence is not so excessive as to require reversal.   p. 617.

From Clay Circuit Court; *Thomas W. Hutchinson,* Judge.

Action by George McDermott against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*McNutt, Wallace, Harris & Randel,* for appellant.

*George W. Wells* and *Rawley & Baumunk,* for appellee.

REMY, J.—Appellee's six year old son, while crossing a street in a populous part of a city, lost his right leg as a result of being struck by a street car which at the time was being operated by appellant. This action is by appellee to recover damages for the loss of his son's services. A jury trial resulted in a judgment in favor of appellee in the sum of $3,800, from which this appeal is prosecuted.

In a separate action, appellee's son, by his next friend, recovered a judgment for the personal injuries sustained by him, and, on appeal to this court, the judgment was affirmed. *Terre Haute, etc., R. Co.* v. *McDermott* (1924), *ante* 134, 144 N. E. 620. The averments of negligence in the complaint in that case were substantially the same as are the averments of negligence in the case at bar, and the questions there presented and determined were, for the most

part, precisely the same as are presented by this appeal; and since we adhere to that opinion and decision, it will be unnecessary in this opinion to discuss any of the questions there decided.

Appellee herein, as a witness in his own behalf, was permitted, over appellant's objection, to testify to the names and ages of his ten children, the court at

1. the time stating to the jury: "The evidence as to the ages of the members of the family is permitted to go to the jury on the question of damages, as to the pecuniary value that this boy's services might be to his father in the way of taking care of sick members of the family and similar pecuniary considerations of that character, and should not be considered as a matter of sympathy or as to the interest on account of the number of children, but for the sole purpose of being considered, along with the other evidence, in determining whether and how much the pecuniary value of the loss of this boy's services as a member of the family may be. The court will further instruct the jury on that subject when he comes to the instructions in this case." To the same effect, the court at the close of the evidence instructed the jury. It is urged by appellant that the admission of the testimony was reversible error for the reason that in a case of this character, the condition of plaintiff's family cannot be considered in fixing the amount of damages to be awarded. The courts of appeal of this State have decided adversely to appellant's contention. *Louisville, etc., R. Co.* v. *Rush* (1891), 127 Ind. 545, 26 N. E. 1010; *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 99 N. E. 734; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 59 N. E. 47; *Hunt, Rec.,* v. *Conner, Admr.* (1901), 26 Ind. App. 41, 59 N. E. 50. The admission of the evidence, limited as it was by the court's instructions, was not error.

A further contention of appellant is that the damages are excessive. The jury fixed the damages after full and correct instructions as to the law, and

2. the conclusion of the jury in that regard was confirmed by the court when the motion for a new trial was overruled. We have examined the record, and have been unable to discover anything to induce the belief that the jury in making the award was influenced by prejudice, partiality or corruption. We would not, therefore, be justified in reversing the judgment upon the ground of excessive damages.

The instructions when taken as a whole correctly state the law of the case.

There is evidence to sustain the verdict.

Affirmed.