## City of Michigan City *v.* Szczepanek.

[No. 11,951.   Filed January 29, 1926.   Rehearing denied April 9, 1926.   Transfer denied October 13, 1926.]

1. Highways.—*Methods of establishing public highway.*—A road can be established as a public highway in other ways than by a proceeding before the board of county commissioners under the provisions of a statute.   p. 231.

2. Highways.—*Dedication of land for highway may be made by conveyance by owner.*—One of the ways of manifesting a purpose to dedicate land for a public highway is for the owner to make a conveyance of the land to the public or to proper public officials for the use of the public.   p. 232.

3. Dedication.—*Dedication of land for highway defined.*—A dedication of land for a public purpose consists of an offer and

an acceptance, and, subject to certain exceptions, there can be no dedication to the public unless the offer has been accepted. p. 232.

4. DEDICATION.—*Acceptance of offer to dedicate.*—A formal acceptance of an offer of dedication is not necessary; acceptance by user is sufficient. p. 232.

5. DEDICATION.—*Acceptance of dedication may be by user.*—To establish the acceptance of an offer of dedication of a highway, it is not necessary to show that it has been "worked" by public authority, as acceptance may be by public user. p. 232.

6. DEDICATION.—Evidence *held* sufficient to show dedication to · the public of a road prior to an accident thereon which resulted in the death of plaintiff's daughter, for which he sued. p. 233.

7. DEATH.—*Physical condition of plaintiff's wife admissible in action for minor daughter's death, when properly limited.*—In an action for the death of plaintiff's minor daughter, the admission of evidence of the physical condition of plaintiff's wife at and prior to the accident was not error when limited by an instruction to a determination of the extent of plaintiff's pecuniary loss by reason of such death. p. 234.

8. DEATH.—A verdict for $3,500 for the wrongful death of plaintiff's minor daughter *held* not excessive in the absence of anything indicating prejudice, partiality or corruption of the jury. p. 234.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Stanley Szczepanek against the city of Michigan City. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*W. A. McVey, W. C. Williams, Harry B. Tuthill* and *Pickens, Davidson, Gause & Pickens,* for appellant.

*Frank E. Osborn, Lee L. Osborn, Kenneth D. Osborn, Alfred J. Link, Samuel Parker, W. G. Crabill, Stephen J. Crumpacker* and *Arthur R. May,* for appellee.

REMY, J.—Action by appellee against appellant to recover damages for the alleged wrongful death of his minor daughter who lost her life as the result of an accident which occurred within the corporate limits of appellant city, May 21, 1921, and on a road which had previously been improved by the county, under the pro-

visions of §§7711a *et seq.* Burns 1914. This improved road which was known as Liberty trail was partly within and partly without the corporate limits of the city. It is the theory of the complaint that the accident and resulting death were due to the negligence of appellant in failing properly to guard a defect in the highway caused by a washout. Trial resulted in a verdict and judgment for appellee. Action of the court in overruling motion for new trial is assigned as error.

The important question presented by this appeal is whether or not the evidence is sufficient to show that that part of the road known as Liberty trail, and which lies within the corporate limits of the city of Michigan City, was at the time of the accident a public highway which the city was legally bound to repair. If this question is answered in the affirmative, the judgment must be affirmed, otherwise, reversed.

It appears from the uncontradicted evidence that early in the year 1919, the owners of a strip of land forty feet wide, and less than a mile in length, a part of which was without and a part within the city limits, and all within Michigan township, LaPorte county, conveyed the same to the board of commissioners of the county for "a public highway to be located thereon"; that a petition by 160 freeholders and voters of the township was filed with the board asking for the location and improvement of a public highway on the strip of land so conveyed; that the county auditor caused notice to be published and posted as required by the statute, and fixed February 24, 1919, as the day when the petition would be presented to the board of commissioners, on which day proof of such posting and publication was made, and, no objections or remonstrances having been filed, the board adjudged the petition to be "in due form and sufficient," and made an order causing the petition to be spread of record, and appointed an

engineer and viewers with directions to proceed as provided by the statute; that the engineer and viewers filed their report, April 28, 1919, and a supplemental report, May 12, 1919, all in compliance with the statute, and the board found "that the said petition complies with the law in all respects," and ordered notice to the bidders fixing May 29, 1919, for opening bids; that no bids having been received, the viewers, on June 2, 1919, filed an additional report raising the estimated cost of the improvement, and notices to bidders were again ordered and given, and, on June 26, 1919, a contract for the improvement was let; that, August 4, 1919, bonds of the county were issued; that the improvement was made, and on June 7, 1920, the certificate of the completion of the improvement was filed with and accepted by the board, and the county auditor was authorized to draw a warrant for the balance of the contract price; that the road was immediately thrown open to the public, and throughout its full length was used as a public highway by travelers in automobiles and other vehicles continuously thereafter for a period of about eight months, and until there was a washout at a point in the roadway within the corporate limits of the city, at which time, some one unknown to the city put up barriers to prevent travelers from passing over that part of the highway containing the washout, which barriers were repaired by the president of the board of works of the city prior to the accident alleged to have occurred, May 21, 1921.

It is pointed out by appellant that pending the petition for the location of the highway, the statute under which the proceeding was instituted was amended by the 1919 session of the General Assembly, such amendment providing that, under the act, no improvement of a street within the corporate limits of a city shall be made without the consent of the common council of such

city, such notice to be evidenced "by resolution duly adopted, a certified copy of which shall be filed in the office of the auditor" of the county and "entered upon the records of the board of commissioners before such improvement shall be ordered." Acts 1919 p. 829, §8390 Burns 1926. It is suggested that since the records of the board of commissioners, which were introduced in evidence, do not affirmatively show that the common council of appellant city consented to the improvement in accordance with the statute, the board was without jurisdiction, and that the proceeding was absolutely void, and that no legal highway was established for the repair of which the city could be held liable. Appellee's answer to this proposition is, that, since the proceeding for the location and improvement of the highway was instituted prior to the amendment of 1919, jurisdiction was obtained when the board, after notice as then required, adjudged the petition to be in due form and sufficient, and appointed the engineer and viewers; and that such jurisdiction could not thereafter have been lost; also, that since the board let the contract for the improvement which, when completed, was accepted and paid for, and since the record does not affirmatively show that the consent of the city was not obtained, such consent will be presumed in support of the judgment of the board; and that for these reasons the judgment is not subject to collateral attack.

There is much force in the reasoning advanced by appellee, but in our view the state of the record does not require that we pass upon the question thus presented. It is not the law, as assumed by appellant, that the only way the road could have been established as a public highway was by the legal proceeding instituted before the board of county commissioners. See, *Summers* v. *State* (1875), 51 Ind. 201, 204.

Whether the highway was located and constructed after notice to the city as required by the 1919 amendment of the law above referred to, or without such notice, it was nevertheless located and constructed, and on the strip of land conveyed to the board of commissioners. Not only that, but it had been in general use by the public as a highway for many months prior to the time of the washout which resulted in the death of appellee's daughter.

The law is well settled that a road may become public by dedication. Such dedication may be manifested by a deed of conveyance by the owner of the land, the dedication of which is tendered. *Clarke* v. *Evansville Boat Club* (1909), 44 Ind. App. 426, 88 N. E. 100. Like a contract, a dedication consists of an offer and an acceptance; and, subject to certain exceptions not necessary to be considered here, there can be no dedication to the public unless the offer has been accepted. *Shellhouse* v. *State* (1887), 110 Ind. 509, 11 N. E. 484. Whether there has been an acceptance is, however, a question of fact. In this state, the rule is well settled that a formal acceptance of an offer of dedication is not necessary. Acceptance may be by public user. *Green* v. *Elliott* (1882), 86 Ind. 53, 68; *City of Hammond* v. *Maher* (1903), 30 Ind. App. 286, 65 N. E. 1055. In order to establish a dedication by public user, it is not necessary that the evidence show repairs to have been made by public authority. As was correctly stated by the Supreme Court in *Summers* v. *State, supra:* "In determining whether there has been an acceptance of the road by the public, it would be proper to inquire whether it had been worked by public authority; but the fact that it had not been adopted and worked by the supervisor would not defeat the dedication."

To the same effect is the holding of this court in the case of *City of Hammond* v. *Maher, supra.* That was

an action for damages alleged to have been caused by the negligence of a city in failing to keep in repair a certain highway, which, as averred, had become a street of the city by dedication. The city defended on the ground that the alleged street was but a private way. In the course of the opinion, in which it was held that the evidence was sufficient to establish a dedication, the court said: "The evidence does not show that appellant had formally accepted it, or caused it to be worked as a street, but, under the authorities, this is unnecessary. Later cases are all to the effect that user by the public will amount to an implied acceptance, and cast the burden of maintaining the highway upon the local government, and that the acceptance of the dedication will be implied from the general use by the public as of right."

It appears from the evidence, as hereinbefore set out, that the strip of land for the highway had been conveyed to the board of commissioners in trust for a public highway; that upon petition in due form the board proceeded to locate and improve a highway thereon; that the improvement having been completed and paid for by the county, it was thrown open for and was in general use by the public for more than eight months; that a part of this road, including that portion where the washout occurred, was within the limits of the city. The evidence also shows that three or four days before the accident caused by the washout, the president of the board of public works of the city put up barriers to prevent the use by the public of that part of the improvement which contained the washout. We hold that there is sufficient evidence to show that, prior to May 21, 1921, the time of the accident which resulted in the death of appellee's daughter, there had been a dedication to the public of that part of the road

referred to in the complaint as Liberty trail, which lies within the corporate limits of appellant city.

On the trial, appellee, over objection of appellant, was permitted to introduce evidence as to physical condition of appellee's wife at and prior to the time of the fatal accident. The evidence was admitted to show the extent of appellee's pecuniary loss, and the court by proper instructions so limited the consideration of the evidence by the jury. This action of the court was not error. *Terre Haute, etc., Traction Co.* v. *McDermott* (1924), 82 Ind. App. 614, 145 N. E. 782, and cases cited.

It is earnestly contended by appellant that the damages are excessive. The jury which heard the evidence, by their verdict, fixed the damages at $5,000. There was a *remittitur* of $1,500, and judgment was rendered for $3,500. We have examined the record, and have been unable to discover anything to induce the belief that the damages awarded are the result of prejudice, partiality or corruption. We would not, therefore, be justified in reversing the judgment upon the ground of excessive damages.

The instructions when taken as a whole correctly state the law of the case.

Affirmed.