KANUCH ET AL. *v.* PRENTISS.

[No. 13,247.   Filed January 31, 1929.   Rehearing denied May 16, 1929.]

*Kelly & Ryan,* for appellants.
*Oscar B. Thiel,* for appellee.

LOCKYEAR, J.—This action was instituted in the Lake Circuit Court by the appellee, James T. Prentiss, as plaintiff, to recover damages against the appellants, John J. Kanuch and Stephen Kanuch.   Damages were claimed by the appellee by reason of the alleged wrongful death of his son in an automobile accident in the city of Gary, Indiana, in which accident, the latter was struck by the delivery truck of the appellants.   The

appellee predicated his complaint on the alleged negligence of the appellants in the operation of said vehicle.

There is ample evidence to support the verdict of the jury in finding that the appellants' truck was being driven at a speed higher than was reasonable and prudent, having regard to the traffic and the use of the way.

It is admitted that the court erred in instructing the jury that if such motor vehicle was operated in a closely-built-up business portion of the city, at a higher rate of speed than ten miles per hour, such operation was *prima facie* evidence of negligence on the part of the driver of such motor vehicle, also in instructing the jury that if the driver was approaching or driving upon a curve in the highway or street, or if the vision of the driver was obstructed, it was *prima facie* negligence to drive more than six miles per hour.

Section 10140 Burns 1926, Acts 1925 p. 570, provides: "No person shall drive or operate a motor vehicle or motor bicycle upon any public highway in the state at a speed greater than is reasonable or prudent, having regard to the width of the highway, the density of the traffic, the condition of the weather and the use of the highway, or so as to endanger life or limb, or injure the property of any person. If the rate of speed of any motor vehicle or motor bicycle, driven or operated upon any public highway of this state, where such highway passes through the closely built up business portion of any city, town or village, exceeds *fifteen miles* per hour, . . . such rate of speed shall be *prima facie* evidence that the person driving or operating such motor vehicle or motor bicycle is running at a rate of speed which is greater than is reasonable and prudent,"etc.

It will be further noted that there is no provision at all regulating the rate of speed at curves or where the vision of the driver is obstructed, such matter being left

by the 1925 law to the standard rule of that which is considered reasonable and prudent. It is admitted that each of these instructions was erroneous; the question is, were they harmless instructions?

The undisputed evidence is that the truck was being driven at a rate of speed greater than fifteen miles per hour; that it was not being driven on a curve, but on a straight street, and there was no obstruction on the street, for which reasons no reversible error can be predicated on the instructions given.

The only other objection urged was that the damage assessed was excessive. The only evidence upon that point was that the child was five years old; that it was in good health, and the appellant introduced no evidence to mitigate the amount of damages. We have examined the record and have been unable to discover anything that shows that the jury was influenced by prejudice, partiality or corruption, and we hold that the amount of the verdict of $2,600 was not excessive. *Terre Haute, etc., Traction Co.* v. *McDermott* (1924), 82 Ind. App. 614, 145 N. E. 782.

We believe that a correct result has been reached in this case and the errors of the instructions given were harmless. *Indianapolis Traction, etc., Co.* v. *Ulrick* (1910), 45 Ind. App. 149, 90 N. E. 321; *City of Indianapolis* v. *Cauley* (1905), 164 Ind. 304, 73 N. E. 691; *Hatton* v. *Hodell Furniture Co.* (1920), 72 Ind. App. 357, 125 N. E. 797; *City of Huntingburg* v. *Hocker* (1921), 76 Ind. App. 435, 130 N. E. 814.

Judgment affirmed.