CLEVENGER *v.* KERN.

[No. 14,992. Filed October 16, 1935.]

582

*Stuart, Stuart & Devol,* for appellant.

*Vaughn & Vaughn, Howard J. Brockway,* and *Charles D. Lesley,* for appellee.

WOOD, J.—This was a suit by appellee against appellant, to recover damages sustained because of the death of a minor child, resulting from the alleged negligent conduct of appellant in the operation of an automobile upon a public highway in this state. The issues con-

sisted of a complaint in one paragraph, and an answer in general denial. Trial was had by a jury which returned a verdict in favor of appellee for the sum of $3400 on which, after the overruling of a motion by appellant for a new trial, judgment was rendered.

Appellant appeals, properly assigning and not waiving as errors for reversal, the overruling of his motion for a *venire de novo,* and his motion for a new trial. In his motion for a new trial appellant alleged seventy-four causes, those not waived for failure to discuss them in his brief are Nos. 1, 2, 3, 4, 12, 14, 28, 33, 34, 36, 60, 61, 62, 63, 64, 66, 67 and 73. We will consider these causes for a new trial in the order in which they are discussed in appellant's brief.

In causes one and two the amount of the verdict is questioned as being excessive. The victim of the accident was a girl twelve years of age, in good health. The measure of damages in a case of this kind is the value of the child's services from the time of death until she would have attained her majority, taken in connection with her prospects in life, less the cost of her support and maintenance during that period, including board, clothing, schooling, and medical attention. Such damages are incapable of determination by any mathematical or exact rule and the amount must be fixed by estimate which bears some semblance to conjecture. From the very nature of the circumstances, there can be no exact or uniform rule of the determination of the value of services which a deceased person would have rendered, had death not intervened. "A verdict will not be disturbed on appeal on the ground of excessive damages unless it is so excessive as to indicate that the jury acted from prejudice, passion, partiality or corruption." *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 99 N. E. 734; *American Motor Car Co.* v. *Robbins* (1914),

181 Ind. 417, 103 N. E. 641; *Thompson* v. *Town of Fort Branch* (1931), 204 Ind. 152, 178 N. E. 440; *New York etc., Ry. Co.* v. *Mushrush* (1894), 11 Ind. App. 192, 37 N. E. 954, 38 N. E. 871; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 59 N. E. 47; *Terre Haute etc., Co.* v. *Maberry* (1913), 52 Ind. App. 114, 100 N. E. 401; *Lake Erie etc., Co.* v. *Chriss* (1914), 57 Ind. App. 145, 105 N. E. 62; *Terre Haute etc., Co.* v. *McDermott* (1924), 82 Ind. App. 614, 145 N. E. 782; *City of Michigan City* v. *Szczepanek* (1926), (Transfer denied to Supreme Court) 85 Ind. App. 227, 150 N. E. 374; *Kanuch* v. *Prentiss* (1929), 89 Ind. App. 358, 164 N. E. 708; *Elliott* v. *Kraus* (1931), 92 Ind. App. 494, 172 N. E. 783; 2 Parmale, Damage Verdicts, Sec. 495, p. 2242. An examination of the record discloses that there was no evidence presented by the appellant in mitigation of damages. From the facts as disclosed by the evidence upon this phase of the case, which is undisputed, we are unable to discover anything to induce the belief that the damages awarded by the jury were the result of prejudice, partiality, passion, or corruption. We would not, therefore, be justified in reversing the judgment because of excessive damages.

Appellant next discusses cause seventy-three. This has reference to the action of the court in overruling his motion made during the trial to withdraw the submission of the cause from further consideration by the jury, because of misconduct of counsel for appellee in the re-direct examination of Ed Dreblow, a witness called to testify for the appellee. During the examination of the prospective jurors on their *voir dire,* counsel for appellee asked each of them if they were acquainted with one Velda Klepinger, and if acquainted with him, they would because thereof, give more credence to his testimony, than they would to other witnesses, should he be called to testify as a wit-

ness in the trial of the cause. In the same examination counsel for appellee also asked each of the jurors whether they or the members of their family had any connection or relation with any insurance company and particularly the State Farm Mutual Automobile Insurance Company. No complaint is made of this examination of the jurors on their *voir dire*, but during the re-examination of the witness Dreblow while testifying as a witness for and on behalf of appellee the following questions were asked and answers given: "Question. Was Velda Klepinger there? Answer. He was there after the accident. Question. When you went down that evening? Answer. After that. Question. What was he doing down there? Answer. He came down to ask about the accident and wanted to know who would know of it. Mr. A. E. Stuart, Oh no; You can't give the conversation. Question. You can't give the conversation Mr. Dreblow; who is Velda Klepinger? To which question the defendant objects for the reason it is immaterial who he is. Objection overruled . . . defendant excepts. Question. Who is he Mr. Dreblow? Answer. In what way. Question. What does he do? Answer. Insurance agent. Question. He is what? Answer. Represents an insurance company." The defendant (appellant) thereupon moved "to set aside the submission because counsel has violated the rule and has transgressed the bounds of good faith for the purpose of introducing into this case a question of an insurer." All of the above facts and circumstances are brought into the record for our consideration by a separate bill of exceptions. There was no motion interposed to strike out the answer to any of these questions. Whether this was necessary to present properly the matter complained of for our consideration we do not decide. Appellant insists that in view of the character of the examination of the jurors on their *voir dire*, the

conduct of counsel in the examination of this witness and the answers elicited from the questions propounded was prejudicial to the rights of appellant.

Except as set forth in this bill of exceptions, there was no other reference or suggestion made to the matter of insurance, either in the evidence or in any statement or argument of counsel, to which our attention has been directed. While Mr. Klepinger may have represented some insurance company, there is no evidence in the record that he represented or was in any way connected with the insurance company concerning which the jurors were interrogated on the *voir dire*.

The record discloses that upon cross-examination of the witness Dreblow by attorneys for appellant, he was questioned concerning his visit to the scene of the accident on the day on which it happened, and who was present on that occasion, whereupon he named several persons but did not name Mr. Klepinger. It was on re-direct examination of this witness that the testimony above set out was given.

The case of *Inland Steel Co.* v. *Gillespie* (1914), 181 Ind. 633, 104 N. E. 76, and other cases in its class announce the rule to be observed in the examination of jurors on their *voir dire,* and are of assistance, but they are not controlling in the instant case. *Grossnickle* v. *Avery* (1933), 96 Ind. App. 479, 152 N. E. 288. "The line of demarcation between prejudicial and non-prejudicial remarks of this character cannot be readily drawn. Each case depends largely upon the circumstances by which they are elicited, and their probable effect upon the jurors." *Faber* v. *Reiss Coal Co.* (1905), 124 Wis. 554, 102 N. W. 1049.

By appellant's instruction No. 4, given upon his request, the jury was informed that the only parties to the litigation were the appellee and appellant, that the only issues presented for trial were those tendered by

the pleadings between such parties; that in determining such issues the members of the jury should not allow themselves to be influenced in any manner or to any extent by reason of the fact that upon their examination preliminary to acceptance as jurors they were questioned concerning their interest in or relation to any insurance company. We assume in the absence of some showing to the contrary, that the jury heeded the instruction of the court and did not allow the conduct of counsel to prejudice it against the rights of appellant. *Faber* v. *Reiss Coal Co., supra.* The real test is, was there such lack of good faith upon the part of counsel under all the circumstances confronting the court and jury in this particular case as that it cannot reasonably be said that the rights of appellant were not prejudiced thereby. The conduct of counsel, while it was not persisted in, had some tinge of sharp practice, which can not be too severely condemned in the trial of law suits.

In the case of *Central Coal and Coke Co.* v. *Orwig* (1921), 150 Ark. 635, 235 S. W. 390, the court in commenting upon the argument of an attorney to the jury said:

"The remarks were highly improper. See *Williams* v. *Cantwell,* 114 Ark. 542; *Pekin Stave and Mfg. Co.* v. *Ramey,* 104 Ark. 1. But it does not occur to us that they were so flagrant as to produce a deep-seated and irremovable prejudice in the minds of the jury. To so hold would impeach the jury of a desire or willingness to give heed to the remarks of interested counsel, rather than to follow the instructions of the impartial judge, and this too notwithstanding their oath to decide the case according to the instructions of the court and the evidence adduced by the witnesses. A sensible and honest jury is not likely to be swerved from the path of duty by such conduct on the part of counsel. The court promptly complied with the request of counsel for the appellant to instruct the jury not to consider the remarks of counsel for the appellees."

In the case of *Morris* v. *Montgomery* (1924), 229 Mich. 509, 512, 201 N. W. 496, the court said:

"Plaintiff testified to a conversation with defendant at a hospital and stated an insurance adjuster was present. The testimony about an insurance adjuster was struck out. This cured the error. The time has come when probably a majority of persons on every jury own automobiles and the policy of carrying insurance is so common that it is not surprising if jurors sense the fact. The rule of exclusion, perhaps, ought to continue, even though every-day affairs have moved beyond its original reason, but it ought not to be employed to set aside judgments except in cases of flagrant violation."

Again in *Antil* v. *Poli* (1923), 100 Conn. 64, 75, 123 Atl. 272, the court expressed itself in this language:

"The record does not indicate any prejudicial effect from this reference to the insurance men, and in view of the court's caution to the jury in the charge not to regard any mention of an insurance company as being material to the issues in the case, we could not find such prejudice without holding that the jury disregarded the caution and thus failed in their duty. Insurance against loss or damage from accident or negligent conduct is so universal, that jurors as well as courts must be assumed to be cognizant of this, and hence evidence of that fact will not be as likely to create prejudice as it might have done before this method of business became so general."

See also 56 A. L. R. note p. 1418; 74 A. L. R. note p. 849; 95 A. L. R. note p. 388.

From what we have heretofore said on this branch of the case now before us, we do not mean to be understood as in any manner relaxing the rules heretofore announced by our Supreme Court and this court in cases where the subject has been before them for consideration. We are only holding that the facts and circumstances as presented by the record in this case

do not warrant its reversal because of misconduct of counsel of which complaint is made.

In causes three and four, appellant contends that the verdict of the jury is not sustained by sufficient evidence and that it is contrary to law, and especially that the evidence shows without conflict that the decedent was guilty of contributory negligence. These contentions are not supported by the record. The evidence upon the question of negligence of the appellant, and contributory negligence of the decedent was conflicting. These were questions properly submitted to the jury for its determination on all the evidence. By its verdict it found against the appellant on these issues. Where the evidence is conflicting this court will not weigh it.

In causes sixty, sixty-one, sixty-two, sixty-three and sixty-four, appellant complains of the action of the court in permitting an expert automobile mechanic to testify regarding the result of experiments which he made with appellant's automobile four days after the accident which resulted in the death of the little girl. They related mostly to the ability to stop the automobile while it was being operated at a given speed. All the conditions under which the experiments were made were practically the same as those existing on the day of the accident. The court did not abuse its discretion in admitting this evidence. Its weight and credibility were matters for the jury to determine. *Vandalia etc., Co.* v. *Duling* (1915), 60 Ind. App. 332, 109 N. E. 70; *Boston etc., Co.* v. *Kendall* (1901), 178 Mass. 232, 59 N. E. 657; *Nelson* v. *Old Colony etc., Co.* (1911), 208 Mass. 159, 94 N. E. 313; *McCarthy* v. *Curry* (1922), 240 Mass. 442, 134 N. E. 339; *Guinan* v. *Famous etc., Corp.* (1929), 267 Mass. 526, 167 N. E. 235.

In causes sixty-six and sixty-seven, appellant com-

plains of the action of the trial court in excluding certain evidence. Upon an examination of the ▮ record we find that substantially the same evidence as that excluded by the court was elicited from the same witness by other questions asked and answers given in reply thereto. The appellant was not harmed by this action of the court.

In causes twelve, fourteen, twenty-eight, thirty-three, thirty-four and thirty-six, appellant complains of certain instructions which were given to the jury. We have carefully examined all of these instructions, and while they are not models of expression, when considered in connection with the other instructions given in the cause, we feel that the jury was fully and correctly instructed on the law, and that the giving of the instructions of which complaint is made was not reversible error.

Finally the appellant says that the court erred in overruling his motion for a *venire do novo*. This motion is predicated upon the action of the trial court ▮ in adjourning the trial of the cause on Friday, March 11, 1932, which was next to the last day of the January term 1932 of the Superior Court of Tippecanoe County to Monday, March 14, 1932, which was the day fixed by law for the beginning of the March term, 1932, of said court, when the trial of the cause was resumed and completed. Whether appellant has adopted the proper method to present this alleged error is a question on which this court entertains very serious doubt:

> "Strictly speaking, the *term venire de novo* is only appropriate when applied to a verdict, but as there is such a close similarity between verdicts by the jury and findings by the court, the term, as well as the motion for a *venire de novo*, is applied to both under the practice in this state.
> "It is now thoroughly settled that a motion for

a *venire de novo* can only be entertained when the verdict or finding is so defective, uncertain or ambiguous upon its face that no judgment can be rendered upon it, or, in case of a general verdict or finding, when there is a failure to find on all the issues for or against all the parties."

2 Watson's Works Practice, Section 1879, page 450. Under our practice "a motion for a *venire de novo*, is possibly limited to defective verdicts or findings." *Dolan* v. *State* (1890), 122 Ind. 141, 23 N. E. 761. Appellant presents the same question in his motion for a new trial in cause No. seventy-four, but he has failed to discuss this cause in his brief. Nevertheless we have concluded to discuss the merits of this alleged error.

On March 11, 1932, being the 59th day of the January term 1932 of the court, the record shows that the following entry was made in said cause during the trial to wit:

". . . and the said jury after hearing a part of the evidence of the defendant and there not being time to complete the same, and other business of the Court preventing proceedings in this cause tomorrow, said cause is adjourned until Monday morning, March 14th, 1932, at 9 o'clock A. M., for additional evidence and further proceedings therein; and the January term 1932 of this Court expiring by operation of the law on March 12th, 1932, it is ordered by the Court that this Court continue its sitting beyond such time and that said term of said Court shall be prolonged and extended until this cause shall have been fully disposed of by the Court. And day is given."

It will be observed that no objection was made or exception taken to this order of the court.

On March 12, 1932, being the 60th and last day of said term, the court made substantially the same order in the cause. The appellant objected to the making of this order, but no exception was taken thereto.

The record further shows that on Monday, March 14,

1932, without objection of any kind being made the respective parties to said cause appeared in open court, as did "the jury heretofore empaneled, sworn and charged to try this cause," and the trial thereof was resumed and finally concluded upon March 15, 1932.

The appellant's contention is, that inasmuch as the January term of court did not end until Saturday, March 12, 1932, at midnight, the court did not have any authority to enter the order on March 11, 1932, which was not the last day of the January term of the court, continuing the further hearing and conclusion of the trial of the cause until Monday, March 14, 1932, which was the first day of the March term, 1932, of said court; likewise that the order made on March 12, 1932, over the objection of appellant, after the witnesses and jury had been excused until March 14, 1932, was without authority and void. Appellant concedes that if the trial had been in progress on the last day of the term of court, that by an order properly made on that day, the term might have been extended beyond the date fixed by law for its ending, for the purpose of concluding the trial.

Section 4-3101, Burns 1933, §1259, Baldwin's Ind. St. 1934, provides that:

"If, at the expiration of the time fixed by law for the continuance of the term of any court, the trial of a cause shall be progressing, said court may continue its sitting beyond such time, and require the attendance of the jury and witnesses, and do, transact and enforce all other matters which shall be necessary for the determination of such cause; and in such case, the term of said court shall not be deemed to be ended until the cause shall have been fully disposed of by the court."

We do not believe that the narrow and technical construction which the appellant seeks to place upon this section of the statute is justified, and that such con-

struction would defeat the very purpose and intent of its passage by the Legislature. This act was undoubtedly passed so that courts could, in the exercise of sound discretion, be conducted in a more expeditious and economical manner for the benefit of parties transacting business therein and the general public. "This statute is a remedial one, intended to prevent mistrials, and should be liberally construed to that end." *Dorsey* v. *McCaffrey* (1894), 139 Ind. 545, 38 N. E. 208. We do not agree with appellant's contention that the words of the statute, "at the expiration of the time fixed by law for the continuance of the term of any court," should be construed to mean the last day of the term. The word "expiration" has been defined as, "a coming to a close." Webster's International Distionary, 1931.

In the case of *Dorsey* v. *McCaffrey, supra,* the trial was commenced January 15, being the last day but one of the November term of the court, when because of the illness of one of the jurors, and it appearing that he would be unable to attend court and go on with the trial for several days, and the trial concluded at that term, the court continued the further hearing of the cause until February 10, on which day the jury appeared and the trial was concluded on March 8. The Supreme Court held that this was not an abuse of discretion by the trial court.

We are unable to observe any well defined distinction between the Dorsey case, *supra,* and the case at bar. On March 11, 1932, when it was apparent to the trial court, that the trial of the cause could not be completed at the then present term of the court, and that other business of the court prevented proceeding with the trial on the following day, which was the last day of the term, without any objection on the part of either appellant or appellee, the court, in its sound discretion, continued the further hearing of the cause until Mon-

day, March 14, 1932. That this judgment of the court was well founded and that there was not an abuse of discretion, is evidenced from the fact that it took two full days, to wit: March 14 and 15 to complete the trial of the cause.

In view of the fact that the court had already made an order on March 11, 1932, continuing the January term of the court for the purpose of completing the trial until March 14, 1932, we do not think the order made on March 12, 1932, added to or detracted from the entry of March 11, 1932, in the least.

The record fails to show that the rights of appellant were jeopardized or prejudiced in any manner by this action of the court. *Wayne Pike Co.* v. *Hammons* (1891), 129 Ind. 368, 27 N. E. 487; *Sutherlin* v. *State* (1898), 150 Ind. 154, 49 N. E. 947; *Dorsey* v. *McCaffey, supra.*

After having examined and considered all questions presented by appellant we find no reversible error. The death of the appellant having been suggested to the court this cause is affirmed as of the day of submission.