## CLARKE ET AL. *v.* EVANSVILLE BOAT CLUB.

[No. 6,671. Filed April 28, 1909. Rehearing denied October 26, 1909.]

1. DEEDS.—*Acceptance.—Dedication.—Use.*—The execution and recording of a deed conveying certain land to a city "for the use of a street, wharf or highway to be left open for the benefit of the public generally" sufficiently dedicate such land to the use of the public, and the taking possession thereof and continued use of same constitute an acceptance by the city. p. 427.

2. DEEDS.—*Streets.—Use of, for Parks.—Abandonment.*—A city's use of land dedicated to it for "street, wharf or highway" purposes, partly for street and partly for park purposes, does not constitute an abandonment of the use to which the land was dedicated. p. 428.

3. MUNICIPAL CORPORATIONS.—*Lease of Land Dedicated for Streets.*—A city has no power to lease, to a private company, lands dedicated to it for highway purposes. p. 428.

4.  HIGHWAYS.— *Ohio River.— Riparian Rights.— Wharves.—* The
    Ohio river is a public highway; and boatmen may use any parts
    thereof that are navigable, but may not use the banks except in
    cases of emergency, without the consent of the owners, unless the
    banks are used as a public landing.  p. 429.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by the Evansville Boat Club against John N.
Clarke and others.  From a judgment for plaintiff, defendants appeal.  *Reversed.*

*Edgar Durre, John W. Spencer* and *John R. Brill,* for
appellants.

*George A. Cunningham,* for appellee.

ROBY, J.—Action by appellee for possession of a part of
the Ohio river front in the city of Evansville, extending in
length 425 feet along the river and in width about 140 feet,
from low-water mark to the bluff bank.  The land in question is a part of what is known as Sunset Park, and appellee
claimed the right of possession by virtue of a lease executed
to it by the board of park commissioners for one year for a
consideration of $5.  Appellants occupied about 114 feet of
water front with a float which was permanently attached
to the land covered by the lease, and with their pleasure
launches.

A demurrer to the complaint was overruled, an answer in
two paragraphs was filed, and the issues were joined.  Trial
was had and a finding made in favor of appellee, ejecting appellants.  Errors are assigned in overruling the demurrer
to the complaint and the motion for a new trial.

In 1819 Robert M. Evans and others, the owners of certain real estate in Vanderburgh county, laid out, platted
and recorded the "Upper Enlargement" of the city
of Evansville.  The space in front of lots No. 1 to
No. 6, extending to the Ohio river, was not platted

into lots, and the following language is used in the plat with reference to it:

"The ground extending in front of said lots, from No. 1 to said black line, is considered as street to the river, and is expressly given for the use of a street, wharf or highway to be left open for the benefit of the public generally."

This effectually dedicated the strip to the public use, and continuous possession and user by the public constituted an acceptance. Appellee insists that the use of that part of the described space between Water street and the river as a highway or wharf was completely abandoned shortly after the execution of the plat; that continued use by the city of the space for a public park shows the abandonment of the original use, and a dedication to use for park purposes only; and that under §8751 Burns 1908, Acts 1905, p. 219, §144, the board of park commissioners may "lease * * * grounds * * * within the limits of any park when the same are not required for public use."

Part of the strip is used as a street, and the rest of it is "left open for the benefit of the public generally." This part is used as a highway by appellants and the members of the appellee corporation in going to and from their boats. A parkway is not inconsistent with use as a highway or street, and the park use in this case is not so inconsistent with the general language used in the plat as to constitute an abandonment of that grant. The language of the plat, before quoted, will not permit the making of a lease to a private individual or corporation, and such lease is therefore void and ineffective.

It is alleged in the complaint that the city had had trouble in policing the river front, and for the purpose, in part, of ridding it of undesirable shanty boats and trespassers leased it to the appellee; that this private lease of public property, for a nominal consideration, relieves the city of its

duty to exercise its proper police power may be doubted, but if so, it is no argument in favor of the validity of the lease.

Much of counsel's briefs is devoted to a discussion as to whether in case the lease was valid an action in ejectment will lie to oust appellants from the use of the water 4. front. Appellants argue that they cannot be ousted from a navigable stream (*Coburn* v. *Ames* [1877], 52 Cal. 385, 28 Am. Rep. 634), while appellee asserts that the title of the riparian owner, or lessee, extends to the low-water mark (*Bainbridge* v. *Sherlock* [1868], 29 Ind. 364, 95 Am. Dec. 644; *Sherlock* v. *Bainbridge* [1872], 41 Ind. 35, 13 Am. Rep. 302), and he can recover from any one possession to that line. It is true that the Ohio river is a common highway (Ordinance of 1787, art. 4), and persons navigating it are not restricted to the use of what may be called the channel, but may run their boats wherever the water is of sufficient depth to carry them in safety (*Porter* v. *Allen* [1856], 8 Ind. 1, 65 Am. Dec. 750) ; but this right of navigation does not include the right to use the banks for landing without the consent of the owner, except in cases of peril or emergency, or where the place has, in some way, become a public landing place. *Bainbridge* v. *Sherlock, supra; Sherlock* v. *Bainbridge, supra.* But a decision of this question is unnecessary, since no power exists for the execution of the lease to appellee.

The judgment is reversed and the cause remanded, with instructions to grant a new trial.