LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION OF INDIANA.

[No. 25,672. Filed June 9, 1933. Rehearing denied January 5, 1934.]

52

*John D. Welman,* for appellant.

*James M. Ogden,* Attorney-General, and *Walker & Walker,* for appellees.

*Frank L. Littleton,* amicus curiae.

FANSLER, J.—This is an action to set aside an order of the Public Service Commission establishing a grade crossing over the right of way and tracks of the appellant.

William A. Hopkins et al. platted an addition of building lots adjoining the city of Evansville and known as Dorothy Acres. The plat of the addition was made in accordance with plans and suggestions by the City Plan Commission of the city of Evansville. The addition lays on both sides of appellant's right of way. The plat of the addition, upon which two streets, Woods Avenue and Elm Street, are described and set out and dedicated to the public use as highways, was recorded in the recorder's office of Vanderburgh County. The addition had not been annexed to the city of Evansville at the time of the commission's order, but steps had been taken looking to that end. Dwellings had been erected and improvements made on all but two or three lots in the addition. The streets extended up to the right of way of the railroad on each side. There was no street in the addition crossing the right of way of the railroad. The owners of the addition filed a petition with the Public Service Commission asking for an order establishing and/or extending Woods Avenue and Elm Street in said addition over the appellant's tracks and right of way at grade. The appellant filed an answer before the commission denying the facts alleged, and an affirmative paragraph alleging that the streets are not public highways of the state of Indiana or the county of Vanderburgh, and that they are not such

highways as contemplated in the law giving the Public Service Commission jurisdiction to order the establishment of a grade crossing. There was a hearing before the commission, and a special finding of facts in which the facts above related are found to be true, and in which the appellees found that Elm Street had been dedicated to the public use by the proprietors of the addition and was opened up on both sides of appellant's railroad tracks and right of way, and was in use by such persons as desired to use the same up to said right of way; that the convenience and necessity of the people generally required that a grade crossing be established over and across the tracks and right of way of the appellant at Elm Street.

A grade crossing was ordered at Elm Street, and it was ordered that no other grade crossing be established in the subdivision.

Thereafter, and within the time allowed, the appellant filed its complaint in the Vanderburgh Superior Court to suspend and set aside said order as provided in section 12846, Burns 1926 (§15493, Baldwin's 1934). The complaint sets out the pleadings before the commission and the facts found by the commission, which are substantially as above described, and alleges that the facts found by the commission are substantially correct, but that the street in question is not a public highway and, therefore, the commission had no jurisdiction in the premises.

A demurrer to the complaint was sustained. The appellant was ruled to plead further, and refusing there was judgment in favor of the appellees upon the demurrer.

The appellant contends that there should have been a trial *de novo,* and that the appellees should have been required to answer notwithstanding the ruling on the

demurrer, and error is predicated upon the overruling of the demurrer.

The complaint raises no issue of fact. The appellant sought to recover upon the theory that under the admitted facts Elm Street was not a public highway and that, therefore, the commission was without jurisdiction to act. This presented a question of law which was decided adversely to appellant by the ruling sustaining the demurrer, and this ruling presents the only question for decision.

The right of the commission to order the crossing established if Elm Street is a public highway, is not questioned. The statute under which the jurisdiction of the commission was invoked is as follows:

> "Whenever it shall be desired to establish or extend a highway at grade over any railroad, . . . it shall be necessary, before so establishing or extending the same, that the petitioners therefor shall, by procedure to be prescribed by the railroad commission of Indiana, obtain the authority of said commission therefor." (The Public Service Commission now exercises the functions of the Railroad Commission.) Section 12844, Burns .1926, §15491, Baldwin's 1934.

The appellant contends that since the addition in which the street is located is outside of the corporate limits of any city, the board of county commissioners is the proper and only authority that can establish a highway, and that a public highway can be created and established only as provided by statute, and by such boards as the statutes specify. They assert that the one exception to this proposition is the establishment of a highway by prescription or twenty years' user, and that since the dedication of this street was less than two years before the petition was filed, and since twenty years had not expired after the dedication it had not become a highway by dedication.

A public highway may be established by dedication and acceptance by the public. There was a finding that the street was open, and that it was used by the public; that building lots fronting on the street were sold and improvements made thereon. The owners of the addition could not recall their dedication of this street after such an acceptance by the public, and no one else could assert an interest in the street which would prevent its use by the public. It could only be closed as against the public by a proceeding to vacate. The rule that a highway may be established by prescription or twenty years' user is a rule invoked against the owner of the fee where there has been no express dedication, but where the dedication has been express by recording, and the public buys lots and makes improvements in reference to the dedicated street or highway and uses the same, there is an immediate public acceptance and twenty years' user is not required.

The highway was established by the dedication and use by the public. The commission had jurisdiction to order the extension of the highway across the tracks and right of way of the company. The fact of its public necessity and convenience was not controverted by the complaint. The demurrer was properly sustained.

Judgment affirmed.

### ON PETITION FOR REHEARING.

FANSLER, J.—In appellant's brief on petition for rehearing it is said: "It was not heretofore thought that appellee had any authority to determine when a certain community needed a public highway. It was thought that this necessity was determined only by the State Highway Commission, Boards of County Commissioners, City and Town authorities, as provided by law, and to the exclusion of all other au-

thority. It was thought that the appellee had no power to create or establish a highway." From this quotation it is apparent where appellant falls into error. The Public Service Commission has no power to create or establish a public highway, and no such power is asserted. But the statute provides that, before establishing or extending a highway across a railroad at grade, permission must be obtained from the Public Service Commission. Appellant is also in error in believing that highways can only be created or established by the State Highway Commission, Boards of County Commissioners, and city and town authorities. As pointed out in the original opinion, they may be created and established by dedication and public use.

Except for the statute requiring permission of the Public Service Commission before establishing a public highway across a railroad at grade, there seems to be no limitation upon the right to establish such crossings. Aside from the statute in question, we know of no law or reason that would prevent a public highway, privately laid out and dedicated and accepted by the public, from crossing a railroad right of way in the same manner as it would cross a public highway, since, after all, the right of way of a railroad is dedicated to a public use.

The owner of tracts of land separated by the right of way of a railroad may construct and maintain a driveway over the right of way for his own use, and without permission from the Public Service Commission or any other person. There is nothing to prevent the private owner from dedicating such a private driveway to the public, or, without dedication, permitting the public to use it for twenty years, in which case it would become a public highway. We know of nothing in the law that would prevent the establishment of a new highway across a railroad at

grade in such a manner unless it be the provision of the statute requiring permission from the Public Service Commission.

Petition for rehearing denied.