CITY OF EVANSVILLE ET AL. *v.* EVANSVILLE BOAT CLUB ET AL.

[No. 16,189. Filed May 27, 1940. Rehearing denied October 15, 1940.]

*Louis L. Roberts* and *Leo Warren,* both of Evansville, for appellants.

*Meyer, Fine & Bamberger,* of Evansville, for appellees.

LAYMON, P. J.—This is an action by appellees to enjoin and restrain the appellants from closing, destroying, and interfering with the use of an alleged public street or highway situated in the City of Evansville, Indiana.

The pleadings consisted of a complaint in two paragraphs, an answer in three paragraphs, and a reply in general denial to the second and third paragraphs of answer. The sufficiency of the pleadings was not challenged in the trial court. Upon the issues thus formed, the cause proceeded to trial, and upon proper request the court found the facts specially.

The facts, as found by the trial court, may be summarized as follows: That the appellee The Evansville Boat Club is an Indiana, non-profit corporation located in the City of Evansville, Indiana, and is the owner of, operates, and maintains two large boat docks along the bank of the Ohio river adjacent to Sunset Park; that these docks are situated on that portion of the river bank which is a part of the territory known, laid out, platted, and recorded as the "Upper Enlargement" of the City of Evansville and is a portion of that part of the area covered by the plat and designated as given for the use of a street, wharf or highway to be left open for the public generally that the owners of boats moor at said docks by paying a rental therefor and that the appellee corporation uses said docks in renting boats to the general public; that the appellee Mann is a resident, taxpayer, and citizen of the City of Evansville, a stockholder and member of The Evansville Boat Club, its president and sole officer, and is the owner of a motor boat used by the boat club for the transportation of passengers for hire; that within the City of Evansville is located a public park known as Sunset Park, consisting of the area lying between Riverside avenue

and the Ohio river and extending along the river from a point near the intersection of Locust street and Riverside avenue on the north to Mulberry street on the south; that the park is now and has been, for more than 25 years, a publicly operated park of the City of Evansville; that there is a public road, street, or driveway extending from Riverside avenue to Mulberry street, entering the park between the intersection of Locust and Walnut streets with Riverside avenue and running along the river bank on the western side of the park following the meanderings of the Ohio river to a point where Mulberry street, if extended, would intersect the river bank on the western side of the park; that the road has been in existence for more than 25 years; that by means of the road, appellees, and others using the same, have had access to the river bank and boat docks, boat houses, and boats moored thereto, located on the river along the bank forming the western boundary of Sunset Park; that this road has been in continuous and uninterrupted use by the appellees and public generally for more than 25 years; that in the year 1819, Robert M. Evans, and others, as owners, laid out, platted, and recorded the "Upper Enlargement" of the City of Evansville; that the space in front of lots Nos. 1 to 6 of said plat, extending to the Ohio river, was not platted into lots, and the following language is used in the plat with reference to this area: "The ground extending in front of said lots from No. 1 to the said black line is considered as street to the river, and is expressly given for the use of a street, wharf or highway to be left open for the benefit of the public generally"; that said plat was duly acknowledged and properly recorded in Vanderburgh County, Indiana, on August 19, 1819; that Sunset Park is now located upon that area referred to in the plat as being a street,

wharf or highway to be left open for the benefit of the public generally; that on October 19, 1830, Robert M. Evans, and others, as owners, laid out, platted, and recorded a corrected plat of the town (now city) of Evansville and caused it to be duly acknowledged and properly recorded in Vanderburgh County, Indiana, on November 6, 1830; that accordingly certain lots were laid out, platted, and recorded, and the space extending from the western boundary of the lots was designated as Water street by the following language:

> "Water street extends from the front of the town to the Ohio river. Its average width from the front of the river to the top of the bank was intended to be about 100 feet, but it was the express intention of the proprietors that all that portion of land lying between the front lots of said town and the Ohio river, should forever be kept open as a street and public highway for the use of the public generally on which no permanent building should ever be erected or other obstruction had which might be considered a nuisance to the citizens of said town and for this purpose it was given, or intended to be given as a permanent and bona fide donation to the public;"

that the portion of Sunset Park located on the area extending from the northern boundary line of Chestnut street extended to the river, north to the northern boundary of Sunset Park and including that area from the westerly boundary line of Riverside avenue to the river, is located upon the territory referred to in the language of the plat pertaining to Water street; that both of the plats are within the corporate limits of the City of Evansville; that the City of Evansville, acting by and through its Board of Park Commissioners of the Department of Public Parks, caused to be constructed posts or iron railings at the northern terminus of the public road in question, thereby preventing appel-

lees and others desiring to use the same from entering upon the roadway and has caused to be constructed posts and an iron railing at the southern terminus of the roadway where it intersects Mulberry street, as extended to the river, and has caused the roadway to be covered with dirt and rock so as to render it impassable, thus preventing appellees and others desiring to use the highway from using it in going to and from the docks or boats by vehicular means; that the area known as Sunset Park, except for the roadway in question, is covered with grass, trees, shrubbery, and other obstructions, thereby making it impossible for vehicles to travel from Riverside avenue to the river bank except by the use of the highway; that appellants threaten to close and entirely do away with this roadway and intend to keep it closed and to maintain and keep said obstructions so as to prevent the appellees and the public generally from having access to their boats, docks, and the river by means of the roadway; and that the closing or obstructing of the roadway in question will result in great and irreparable damage to appellees.

Upon the facts as found, the court concluded that the law and equities of the case are with the appellees; that appellees are entitled to injunctive relief against the appellants; and that appellants should be enjoined and restrained from obstructing and interfering with the use of, in any manner, or from closing or destroying the highway in question, except by proper vacation proceedings. Judgment followed the conclusions of law. Appellants, in due time, moved for a new trial upon the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. The motion was overruled, and this appeal followed.

The only error assigned is the action of the trial court in overruling the motion for a new trial.

In the City of Evansville there is a public park known as Sunset Park extending from Riverside avenue (Water street) to the Ohio river and from Locust street on the north to Mulberry street on the south.

It was stipulated that the roadway referred to in the complaint enters Sunset Park from Riverside avenue between Walnut street and Locust street, as extended, and follows the meander of the bank of the Ohio river in a southerly direction to Mulberry street or Park Place, extended, and turns thence east across Mulberry street or Park Place, extended, into Sunset avenue.

In 1819, Robert M. Evans, and others, as owners, laid out, platted, and recorded the "Upper Enlargement" of the City of Evansville, and on October 19, 1830, Robert M. Evans, and others, laid out and platted a corrected plat of the town (now city) of Evansville, Indiana.

The decree of the trial court involves the territory described in the plat of the "Upper Enlargement" as "The ground extending in front of said lots from No. 1 to the said black line is considered as street to the river, and is expressly given for the use of a street, wharf or highway to be left open for the benefit of the public generally," and a portion of the territory referred to in the corrected plat of the town (now city) of Evansville and described as "Water street extends from the front of the town to the Ohio river. . . . it was never the intention of the proprietors to fix any other boundary to Water street than the Ohio river."

It is contended that the closing of the roadway entering Sunset Park and the restricting of its use within the park to pedestrian traffic was both consistent with the dedication and in the discharge of the public duty

ascribed to the Board of Park Commissioners of the City of Evansville; and that it was not intended by the original proprietors of the land dedicated that a public highway should forever exist from the Ohio river bank to the lots abutting on the east side of Water street, now Riverside avenue, a distance of approximately 300 feet from the west side of Riverside avenue to the Ohio river.

The intention of the donors in dedicating the land involved must necessarily be determined from a fair and reasonable construction of the language employed by them in the plats. We think, from the language used, that the donors intended that the area referred to in the plats lying between the east property line of Riverside avenue and the Ohio river be dedicated to public use and that the same should be left open for the benefit of the public generally to be used as a street, wharf or highway. It is disclosed by the evidence that the roadway in question had been used as a highway, both for pedestrian and vehicular traffic, by the appellees and members of the Evansville Boat Club in going to and from their boats for more than 20 years. The general public likewise used the highway to obtain access to their boats moored to appellees' docks. It is also shown that appellants, and particularly the members of the city park board, have closed and barricaded the highway in such a manner that its use is restricted to pedestrian traffic.

A portion of this same property has already been involved in an appeal to this court in the case of *Clarke* v. *Evansville Boat Club* (1909), 44 Ind. App. 426, 88 N. E. 100. In that case the Board of Park Commissioners attempted to exercise jurisdiction over the territory described in the "Upper Enlargement" of the City of Evansville as "The ground extending in front

of said lots from No. 1 to said black line is considered as street to the river, and is expressly given for the use of a street, wharf or highway to be left open for the benefit of the public generally," by giving a lease to the Evansville Boat Club. It was contended that the territory involved had been completely abandoned by its continuous use by the City of Evansville and the Board of Park Commissioners as a public park; that the territory having become a public park, it was subject to the jurisdiction of the park commissioners under the Acts of 1905. This court, in disposing of the contentions, and after quoting from the plat, said:

"This effectually dedicated the strip to the public use, and continuous possession and user by the public constituted an acceptance. . . . Part of the strip is used as a street, and the rest of .it is 'left open for the benefit of the public generally.' This part is used as a highway by appellants and the members of the appellee corporation in going to and from their boats. A parkway is not inconsistent with use as a highway or street, and the park use in this case is not so inconsistent with the general language used in the plat as to constitute an abandonment of that grant. The language of the plat, before quoted, will not permit the making of a lease to a private individual or corporation, and such lease is therefore void and ineffective."

In the instant case, the language of the plats and the acceptance of a portion of the area by the public as a highway sufficiently established a public highway, and in the absence of a proper proceedings to vacate the highway, appellants are without authority to restrict its use to pedestrian traffic. *Clarke* v. *Evansville Boat Club, supra; House-Wives League* v. *City of Indianapolis* (1933), 204 Ind. 685, 185 N. E. 511; *L. & N. R. R. Co.* v. *Public Service Com.* (1934), 206 Ind. 51, 185 N. E. 902.

Except for the roadway in question, the remainder of the territory involved is used as a public park, called Sunset Park. It is urged by appellants that should appellees succeed in keeping the present roadway open to vehicular traffic, that under the terms of the grant the remainder of the territory could be subjected by the public to vehicular traffic.

It is to be noted that the particular territory involved in this appeal is confined to that part which has been dedicated and accepted by the public by its continuous possession and use for more than 20 years as a highway, and consequently the use of the remaining part of the area is not involved so long as it does not interfere with the use of the highway.

Appellants contend further that appellees are estopped from prosecuting this action because of an alleged agreement between appellees and the park board settling their controversy; that by the terms of the agreement certain barricades and signs were to be erected at the termini of the highway to prohibit vehicular traffic other than that necessary in the servicing of boats and river craft moored at appellees' docks; and that appellants have incurred expense in performing the agreement.

The court's failure to find the existence of the agreement contended for amounted to a finding against the appellants on this issue. The evidence as to the existence of any such agreement is not only conflicting, but there was evidence from which the trial court could find that, if there was such an agreement, appellants, by their subsequent acts and conduct, did not intend to be bound thereby.

The sufficiency of the facts as found to sustain the conclusions of law is not challenged; hence other questions sought to be presented are not before us.

Judgment affirmed.

NOTE.—Reported in 27 N. E. (2d) 389.