AMERICAN RAILROAD COMPANY OF PORTO RICO, apelante, *v.*
COMISIÓN DE SERVICIO PÚBLICO DE PUERTO RICO, ET ALS.,
apelados.

Núm. 8560.—*Sometido:* Enero 19, 1943.  *Resuelto:* Julio 14, 1943.

*Mariano Acosta Velarde, Federico Acosta Velarde y Donald R. Dexter,* abogados de la apelante; *Tomás Torres Pérez,* abogado de la Comisión de Servicio Público, apelada; *A. Dones Padró,* abogado de los peticionarios ante la Comisión, apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

The American Railroad Company of Porto Rico ha establecido el presente recurso de apelación contra la sentencia dictada en marzo 14, 1942 por la Corte de Distrito de San Juan, confirmando la resolución de la Comisión de Servicio Público de marzo 8 de 1939, por la cual se ordenó a la compañía aquí apelante que procediese a establecer un paso a nivel sobre sus vías férreas, "después de la parada 26½ denominada calle Mayor, radicada en los antiguos terrenos de don Pedro Bolívar", en Santurce.

La petición para el establecimiento del paso a nivel fué radicada ante la Comisión de Servicio Público por un número de propietarios de casas edificadas sobre terrenos pertenecientes a El Pueblo de Puerto Rico, situados en el lado Sur de la vía del ferrocarril. La compañía apelante se opuso a la petición, formulando ante la Comisión, y más tarde ante la corte de distrito, once defensas separadas. Son éstas las mismas, que al ser desestimadas, sirven de base a los once señalamientos de error que se imputan a la corte sentenciadora.

■ 1 y 2. Que la petición radicada ante la Comisión no aduce hechos suficientes para determinar la necesidad y conveniencia del paso a nivel solicitado; y, además, que la petición no está jurada de acuerdo con el artículo 67 de la Ley de Servicio Público y con la Regla núm. 1, artículo 11 del Reglamento de la Comisión.

El citado artículo 67 de la Ley de Servicio Público (Ley núm. 70 de 1917, vol. II, pág. 433) es el que dispone la forma y requisitos a que deben ajustarse las querellas que pueden ser presentadas ante la Comisión de Servicio Público. La querella deberá hacerse constar en una solicitud jurada por el querellante, la cual contendrá una relación concisa de todos los hechos materiales en que se funda. Empero, en el presente caso no se trata de una querella en que una persona se queja de algo que se ha hecho o que se ha dejado de hacer por alguna compañía de servicio público en contravención de las disposiciones de la Ley de Servicio Público o de alguna orden o decreto de la Comisión. Se trata de una solicitud dirigida a la Comisión para que ésta, haciendo uso de las facultades que le concede el artículo 69 de la misma ley, proceda a practicar una investigación y dicte una resolución sobre la conveniencia, necesidad y utilidad de la construcción del paso a nivel solicitado. La Comisión está facultada para practicar esa investigación por su propia iniciativa, sin que sea necesario que se radique ante ella una petición jurada. La solicitud radicada en este caso sólo tenía por objeto conseguir que se ordenase la construcción del paso a nivel, que se considera necesario para dar salida a los habitantes de unas ciento cincuenta casas situadas al Sur de la vía del ferrocarril. La solicitud no formula queja alguna contra la compañía. Lo único que se pide es que se le ordene prestar un nuevo servicio. No erró la corte inferior al resolver que la solicitud presentada era suficiente.

■ 3. El tercer señalamiento se basa en que la corte inferior cometió error al decidir que la orden de la Comisión

era válida, sin que previamente se hubiere determinado la necesidad y conveniencia del cruce solicitado.

Alega la apelante que para que se construya un camino público a través de las vías de un ferrocarril es un requisito previo la obtención de un "certificado de conveniencia pública" expedido por la Comisión de Servicio Público, según prescribe el artículo 6 de la Ley núm. 70 de 1917.

La orden de la Comisión apelada le ordena a la compañía del ferrocarril a establecer un paso a nivel en el sitio a que se refiere la petición en este caso. La Comisión, no hay duda, tiene facultad para ordenar a la compañía que construya cruces en los sitios en que dicha Comisión designe. Esta facultad surge de los artículos 3(r), 6, 24 y 34 de la Ley de Servicio Público. Según estos artículos, es la Comisión de Servicio Público la única llamada a determinar la conveniencia pública de un cruce y, como dijo la corte inferior, "la resolución en este caso necesariamente envuelve la determinación por parte de la Comisión de que el cruce es conveniente".

De acuerdo con nuestra Ley de Servicio Público (Art. 40), "Cuando se presentare una solicitud a la Comisión por cualquier compañía de servicio público para que se apruebe . . . . o cuando se hiciere solicitud a la Comisión para que apruebe la construcción, alteración, resituación o supresión de cualquier cruce; . . tal aprobación, en todo y cada uno de dichos casos, o clase de solicitud, se concederá únicamente siempre y cuando dicha Comisión declarare o determinare que la concesión o aprobación de tal solicitud, es necesaria o propia para el servicio, comodidad, conveniencia o seguridad del público."

El artículo 41 de la citada ley reza como sigue:

"*Audiencias, citaciones con apercibimiento, investigaciones y órdenes.*—Con el fin de que la Comisión pueda hacer tales declaraciones o determinaciones celebrará audiencias públicas, expedirá citaciones, examinará testigos, obligará a la presentación de libros, papeles, contratos u otros documentos, y hará las indagaciones, inspecciones ocu-

lares, valoraciones, e investigaciones que considerare necesarios. Se dará el debido aviso de cada una de dichas audiencias y en todo caso la Comisión hará una declaración o determinación por escrito, haciendo constar si concede o no su aprobación y, si la concediere, expedirá bajo su sello un certificado, que se conocerá con el nombre de 'certificado de conveniencia pública,' del cual archivará un duplicado.''

Según el texto de dichos artículos, cuando una entidad cualquiera hace una solicitud para que la Comisión apruebe la construcción de un cruce, esa entidad, para poder realizar las obras que proyecta, debe proveerse de un ''certificado de conveniencia pública'' expedido por la Comisión. Opinamos que en el caso de autos no es necesaria la expedición de dicho certificado. No se trata aquí de una entidad pública o privada que desea se apruebe la construcción de un cruce que desea establecer en un sitio determinado, y sí de un grupo de vecinos, una parte del público, que solicitan de la Comisión que ordene a una corporación de servicio público que construya un cruce.

En este caso la Comisión, después de hacer las investigaciones pertinentes, ordenó la construcción del cruce a la compañía. No creemos que se haga necesario el ''certificado de conveniencia pública''; la orden es suficiente. Si la compañía cree que no es suficiente, entonces al ir a proceder a construir el cruce deberá solicitar de la Comisión la aprobación de los planos y la expedición del ''certificado de conveniencia pública''. Pero no creemos que para ordenar la construcción de dicho cruce tenga la Comisión que expedir el mismo.

Por las razones expuestas, opinamos que no se cometió el error señalado.

■■ 4, 5 y 6. Los señalamientos cuarto, quinto y sexto se refieren a que, no habiendo aparecido de la prueba que el vecindario al Sur de la vía del ferrocarril haya sido aprobado como una urbanización por las autoridades insulares o municipales, ni que el camino que discurre al Sur de la vía

en el sitio donde se ordena la construcción del paso a nivel haya sido oficialmente reconocido como camino o calle pública, la Comisión carece de facultad para ordenar la construcción del mencionado cruce.

Esta es indudablemente la cuestión principal a resolver en este caso.

La prueba presentada demostró que al Sur de la vía de la American Railroad Company of Porto Rico en la parada 26½ existe un caserío en terrenos propiedad de El Pueblo de Puerto Rico. Que dichos terrenos no están urbanizados ni existe plano de urbanización aprobado por el Departamento de Sanidad o por el Gobierno de la Capital, aunque sí existe un plano de urbanización aprobado por el Departamento del Interior.

Que, partiendo del Sur de la vía férrea, en el lugar donde se solicita el cruce, discurre en dirección Sur un camino que se adentra en el mencionado caserío. Que partiendo del Norte de la vía en el mismo lugar, también, donde se solicita la construcción del paso a nivel existe una calle, que, discurriendo en dirección Norte, va a unirse a la Avenida Fernández Juncos. En otras palabras, el camino es la continuación de la calle, pero en el lugar ocupado por la vía del ferrocarril existen ciertas obstrucciones colocadas por la compañía que impiden el tránsito de vehículos y dificultan el paso de peatones de un lado a otro de la vía. No obstante, el mencionado camino y la calle al Norte de la vía son utilizados por los vecinos de la barriada para dirigirse de sus hogares a la Avenida Fernández Juncos o de ésta a sus hogares. Y es este camino el que utiliza también el resto del público que se dirige a dicho vecindario.

La cuestión a resolver entonces es si dicho camino es público o no.

La corte inferior en su relación del caso y opinión dijo:

"... la prueba indica que el Departamento del Interior ha aprobado el plano de urbanización, y que en el plano aprobado aparece

una calle en el sitio donde está hoy el camino. Y el hecho indiscutible y no discutido es que, bastardo o legítimo, existe el caserío y existe la calle o camino, y se usa la calle o camino por el público en la misma forma en que se utiliza cualquier camino público, salvo que, al llegar el camino a la vía existen ciertas obstrucciones colocadas por la apelante que impiden el tránsito de vehículos de un lado a otro de la vía. Siendo esa la situación creemos que debe considerarse público el camino a los fines del artículo 34 de la Ley de Servicio Público. Y siendo público el camino es evidente la facultad de la Comisión para ordenar el establecimiento del paso a nivel. Véase *Louisville etc. R. Co. v. Public Service Commission,* 206 Ind. 51, 185 N. E. 902.''

La evidencia sometida a la Comisión justifica la conclusión a que llegó la corte inferior al decidir que dicho camino era público. Y siendo público el camino, creemos que, de acuerdo con lo dispuesto por el artículo 34 de la Ley de Servicio Público, la Comisión actuó dentro de sus facultades al ordenar a la compañía la construcción del cruce.

La corte inferior, para sostener su decisión, se basa en el caso de *Louisville & Nashville Railroad Co.* v. *Public Service Commission of Indiana,* (1933), 206 Ind. 51, 185 N. E. 902. La doctrina de este caso, en nuestra opinión, es de aplicación al de autos, aunque los hechos no son exactamente iguales por tratarse en el caso citado de terrenos ya urbanizados. En el mismo caso, al verse en moción de reconsideración, 188 N. E. 321, dijo la corte al denegarla:

''. . . no conocemos de ley o razón alguna que impida que un camino público, construído privadamente y dedicado y aceptado por el público, cruce la servidumbre de vía de un ferrocarril en la misma forma en que cruzaría un camino público, pues, después de todo, la servidumbre de vía de un ferrocarril se dedica a un uso público.''

La apelante alega que la Comisión no tiene facultad para establecer calles o caminos públicos. No lo dudamos, pero es que en el caso de autos no se trata de establecer calle o camino público alguno. Sólo se trata de ordenar a la compañía de ferrocarril a establecer un paso a nivel en un lugar determinado por la Comisión, por donde a diario tran-

sita un gran número de personas, parte del público, que tienen sus viviendas al otro lado de la vía férrea, y por cuya seguridad debe la Comisión velar. Y esto está dentro de las facultades que la Ley confiere a la Comisión. Se trata simplemente de una medida en beneficio del público que utiliza una calle o camino que allí existe.

No se ha atacado la necesidad y conveniencia de tal cruce sino la facultad que tiene la Comisión para ordenar su establecimiento, y tal facultad surge, claramente de la ley, que confiere a la Comisión plena discreción en la determinación de la forma y lugar donde se han de construir los cruces de caminos públicos con vías férreas y viceversa. No creemos que la Comisión haya cometido abuso alguno al ejercitar su discreción.

██ Alega, además, la apelante, que se le priva de su propiedad sin el debido proceso de ley; que la servidumbre de paso no se puede adquirir por prescripción, sino a virtud de título; que el hecho de que los habitantes de la barriada al sur de la vía crucen ésta no crea ningún derecho a favor de ellos.

No tiene razón la apelante. En primer lugar, no se ha probado de qué propiedad es que se está privando a la apelante. Si es de la franja de terreno sobre la cual pasa la vía, no hay prueba de que la misma sea de la propiedad de la compañía, o si lo que tiene es un derecho de paso, o permiso. La corte inferior resolvió que "en ausencia de prueba difícilmente podríamos determinar que se ha privado a la apelante de propiedad alguna", con lo cual estamos de acuerdo. Tampoco se trata de establecer una servidumbre de paso propiamente dicha, sino más bien del derecho que tiene el público a usar el terreno ocupado por una vía férrea allí donde un camino público cruza dicha vía. Tal derecho asiste al público, pues como se dijo en el caso de *Louisville & Nashville R. Co.* v. *Public Service Commission,* 188 N. E. 321 (en moción de reconsideración) el derecho de

paso de un ferrocarril está dedicado al uso público lo mismo que el camino, y tanto derecho tiene el público a cruzar las vías de un ferrocarril en un cruce de camino público con vía férrea, como tiene derecho el público que usa un camino público de atravesar una carretera u otro camino público atravesado por aquél, siempre y cuando que tal cruce no sea inconsistente con el uso del ferrocarril para los propósitos con que fué construído, el cual no es el caso aquí. (Véanse los casos de *City of Fort Wayne* v. *Lake Shore & M. S. Ry. Co.,* 32 N. E. 215, 218; 132 Ind. 558, *Louisville & Nashville R. R. Co.* v. *City of Louisville,* 114 S. W. 743, 749 (*in fine*); 131 Ky. 108).

En cuanto a que el hecho de que los habitantes de la barriada al Sur de la vía crucen la misma no crea ningún derecho a su favor, estamos de acuerdo con la apelante. Tal hecho no crea ningún derecho a su favor, por eso es que acuden a la Comisión para que establezca el derecho al determinar que se debe o no establecer allí un cruce para que estas personas puedan pasar, que es lo que ha sucedido en este caso.

No se han cometido, en nuestra opinión, los errores 4, 5 y 6 apuntados por la apelante.

■ Que la corte inferior cometió error al decidir que la orden apelada de la Comisión de Servicio Público no es contraria a la política insular y federal de eliminar pasos a nivel.

Creemos que tal política del Gobierno Insular o Federal nada tiene que ver en cuanto a la facultad de la Comisión de Servicio Público para ordenar el establecimiento, resituación o eliminación de pasos a nivel que le confiere el artículo 34 de la Ley de Servicio Público. Ni la ley insular ni la ley federal afectan en nada los poderes de la Comisión. La ley federal se refiere a aquellos pasos a nivel "which are used by a considerable volume of highway traffic, or which are frequently occupied by train movements", en cuyos casos la tendencia es a eliminar, no el cruce, sino el paso a nivel.

368

(Véanse Ley Núm. 100 de 1941, pág. 761 y Ley del Congreso de junio 16 de 1937 (Pub. 686 74th Congress) y Reglamentos del Secretario de Agricultura de Estados Unidos de 9 de febrero de 1937, sec. 8.)

No creemos que cometiera error la corte inferior.

■ [2] 8. Este error, consistente en que se privó a la compañía de ferrocarril de su propiedad sin el debido proceso de ley, fué ya discutido conjuntamente con los errores 4, 5 y 6 y no creemos se cometira por no haberse probado que el terreno pertenecía a la apelante.

*No habiéndose cometido ni uno solo de los errores señalados por la apelante, debe confirmarse la sentencia dictada por la corte inferior.*

El Juez Presidente Sr. Del Toro no intervino.